UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SILVEX DESIGNS, INC.,

       Plaintiff,

-against-

FAST FLEET SYSTEMS, INC. and
QUEBECOR WORLD LOGISTICS, INC.
d/b/a Q.W. EXPRESS,

       Defendants.

-----------------------------------------------------------X

07 CIV 3740

**COMPLAINT**

      COMES NOW Plaintiff, SILVEX DESIGNS, INC. by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, for its claims and causes of action against FAST FLEET SYSTEMS, INC. and QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS, alleges upon information and belief, as follows:

### PARTIES, JURISDICTION AND VENUE

      1.     Jurisdiction is predicated upon 28 § U.S.C. § 1331, 28 § U.S.C. § 1332(a)(2) and 28 § U.S.C. § 1337 since the claim arises out of interstate transport of goods by motor carrier pursuant to the Carmack Amendment, 49 U.S.C. § 14706 and since there is diversity of citizenship between the parties and the Plaintiff's damages exceed $75,000.

      2.     Plaintiff, Silvex Designs, Inc. (hereinafter "Silvex"), is a corporation organized and existing by virtue the laws of New York in the United States, engaged in the business of retail of silver jewelry, with a principal place of business located at 330 5th Avenue, New York, New York.

      3.     Defendant, Quebecor World Logistics, Inc. d/b/a Q.W. Express (hereinafter "Q.W. Express"), is a corporation organized and existing by virtue of the laws of Illinois in the

United States, engaged in business as a common carrier of goods, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois.

4. Defendant, Fast Fleet Systems, Inc., (hereinafter "Fast Fleet") is a corporation organized and existing by virtue of the laws of New Jersey in the United States, engaged in business as a common carrier of goods, with an office and place of business located at 407 Green Avenue, Brielle, New Jersey.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff, Silvex, is the received, consignee, owner and/or assured of the consignment hereinbelow described. Plaintiff, Silvex, brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interest may ultimately appear, and Plaintiff is entitled to maintain this action.

6. On or about August 29, 2006, Plaintiff, Silvex, retained Defendant, Q.W. Express, to transport a consignment of approximately 4009 pound of sterling silver jewelry, contained in 69 trunks, from Silvex's principle place of business in New York to Rodeway Inn, 1365 West Grant, Tucson, Arizona, the location of a trade show where Plaintiff intended to market the aforementioned jewelry, all in consideration of an agreed freight rate. (See copy of Bill of Lading attached hereto as Exhibit "A".)

7. On or about August 29, 2006, Q.W. Express retained Defendant, Fast Fleet to transport the aforementioned jewelry all or part of the route from Plaintiff's principal place of business to the intended destination in Tucson, Arizona.

8. On August 29, 2006, Fast Fleet picked up the aforementioned jewelry consignment from Plaintiff's principle place of business in good order and condition and weighing in total approximately 4009 pounds.

9. The aforementioned consignment was transported by Fast Fleet from Plaintiff's principle place of business to a location in Newark, New Jersey, where the aforementioned consignment was consolidated with other goods prior to being transported to the intended destination in Tucson, Arizona.

10. When the consignment arrived at Newark, New Jersey, it was weighed prior to consolidation and transport to the intended destination in Tucson, Arizona. The total weight of the jewelry consignment delivered by Fast Fleet to Newark, New Jersey was 3084 pounds. (See copy of Invoice from Q.W. Express dated September 19, 2006, Bill No. LEX3171137, attached hereto as Exhibit "B".)

11. When the consignment arrived at its intended destination in Tucson, Arizona on September 6, 2006, it was ascertained that approximately 925 pound of jewelry, approximately half the content of jewelry in each trunk, were missing. (See copy of City of Tucson, Arizona Police Report, Case No. 0609060238, dated September 6, 2006, attached hereto as Exhibit "C".)

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS

## NEGLIGENCE

12. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

73494.1

13. Defendant, Q.W. Express, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

14. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Q.W. Express.

15. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on September 6, 2006.

WHEREFORE, Plaintiff prays:

16. That process in due form of law may issue against the Defendant, Q.W. Express, citing it to appear and answer all and singular the matters aforesaid;

17. That judgment may be entered in favor of Plaintiff against the Defendant, Q.W. Express, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action,; and

18. That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT II

## NEGLIGENCE OF FAST FLEET, INC.

### NEGLIGENCE

19. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

73494.1

20.     Defendant, Fast Fleet, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

21.     The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Fast Fleet.

22.     By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on multiple occasions, beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

23.     That process in due form of law may issue against the Defendant, Fast Fleet, citing it to appear and answer all and singular the matters aforesaid;

24.     That judgment may be entered in favor of Plaintiff against the Defendant, Fast Fleet, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action,; and

25.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

26.     Plaintiff hereby demands a TRIAL BY JURY pursuant to Fed. R. Civ. P. Rule 38.

Dated: May 9, 2007

                                    THE PLAINTIFF,
                                    SILVEX DESIGNS, INC.

                                    By _____
                                        Brian Del Gatto
                                    Wilson, Elser, Moskowitz,

73494.1

5

                                            Edelman & Dicker, LLP
                                            3 Gannett Drive
                                            White Plains, NY 10604
                                            Tel: (914) 323-7000
                                            Fax: (914) 323-7001
                                            Our File No.:  09945.00001

73494.1