Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York  10006
Telephone:    212-669-0600
Facsimile:     212-669-0699

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SILVEX DESIGNS, INC.,

      Plaintiff,

  -against-

FAST FLEET SYSTEMS, INC., and
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS,

      Defendants.
-----------------------------------------------------------X

07-cv-03740-UA-MDF

**AMENDED ANSWER OF
DEFENDANT QUEBECOR
WORLD LOGISTICS, INC., TO
PLAINTIFF'S AMENDED COMPLAINT**

      Defendant Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and through its attorneys Hill Rivkins & Hayden LLP, as and for its Amended Answer to the Amended Complaint of Plaintiff Silvex Designs, Inc. ("Silvex") hereby responds as follows:

## PARTIES, JURISDICTION AND VENUE

    1.    Defendant QWE denies the allegations set forth in paragraph 1 of the Amended Complaint.

    2.    Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3. Defendant QWE admits that it is a corporation organized and existing by virtue of the laws of Delaware, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois. Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 3 of the Amended Complaint.

4. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6. Defendant QWE admits that on or about August 29, 2006, Plaintiff Silvex retained Defendant QWE to arrange for the transportation of a consignment said to contain exhibit materials from New York to Tucson, Arizona. Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 6 of Amended Complaint.

7. Defendant QWE admits that on or about August 29, 2006, QWE retained Defendant Fast Fleet Systems, Inc., to transport a consignment said to contain exhibit materials from plaintiff's place of business in New York, to Newark Liberty International Airport. Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 7 of the Amended Complaint.

8. Defendant QWE denies the allegations set forth in paragraph 8 of the Amended Complaint.

9. Defendant QWE denies the allegations set forth in paragraph 9 of the Amended Complaint.

10. Defendant QWE denies the allegations set forth in paragraph 10 of the Amended Complaint.

11. Defendant QWE denies the allegations set forth in paragraph 11 of the Amended Complaint.

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a/ Q.W. EXPRESS

## NEGLIGENCE

12. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 11 of the Amended Complaint as if set forth herein at length.

13. Defendant QWE denies the allegations set forth in paragraph 13 of the Amended Complaint.

14. Defendant QWE denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendant QWE denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Defendant QWE denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Defendant QWE denies the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendant QWE denies the allegations set forth in paragraph 18 of the Amended Complaint.

## COUNT II

### NEGLIGENCE OF FAST FLEET, INC.

### NEGLIGENCE

19. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 18 of the Amended Complaint as if set forth herein at length.

20. Defendant QWE denies the allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendant QWE denies the allegations set forth in paragraph 21 of the Amended Complaint.

22. Defendant QWE denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Defendant QWE denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. Defendant QWE denies the allegations set forth in paragraph 24 of the Amended Complaint.

25. Defendant QWE denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendant QWE denies the allegations set forth in paragraph 26 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

27. Plaintiff fails to state a claim, in whole or part, upon which relief can be granted against Defendant QWE.

## SECOND AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the applicable statue of limitations and/or the doctrine of laches and the Amended Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

29. Plaintiff is not the real party in interest and/or the proper party to assert the claim.

## FOURTH AFFIRMATIVE DEFENSE

30. The Plaintiff has failed to mitigate its alleged loss.

## FIFTH AFFIRMATIVE DEFENSE

31. The shipment described in plaintiff's Amended Complaint is subject to all the terms, conditions, and exceptions contained in certain bills of lading and/or air waybills then and

there issued, by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

## SIXTH AFFIRMATIVE DEFENSE

32.   Plaintiff has failed to aver facts necessary to establish that Defendant QWE breached a duty that resulted in plaintiff sustaining damages.

## SEVENTH AFFIRMATIVE DEFENSE

33.   To the extent that the Plaintiff suffered any loss or damage as alleged in the Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody, or control of Defendant QWE.

## EIGHTH AFFIRMATIVE DEFENSE

34.   Any loss or damage to the shipment as alleged in the Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendant QWE.

## NINTH AFFIRMATIVE DEFENSE

35.   Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant QWE has and had no control and for whose conduct Defendant QWE has and had no responsibility.

## TENTH AFFIRMATIVE DEFENSE

36. If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by the Plaintiff or others acting on Plaintiff's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

37. The plaintiff has failed to join one or more indispensable parties to the suit.

## TWELFTH AFFIRMATIVE DEFENSE

38. The damages alleged in the Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity.

## THIRTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; the plaintiff's lawsuit is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

40. The amount of Defendant QWE's liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

### FIFTEENTH AFFIRMATIVE DEFENSE

41.     To the extent applicable, plaintiff's state law claims, as found in the Amended Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

42.     To the extent plaintiff's damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether Defendant QWE had knowledge that such damages might be incurred, Defendant QWE is not liable, in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

### SEVENTEENTH AFFIRMATIVE DEFENSE

43.     The jurisdiction and venue where the plaintiff commenced this suit is invalid; the relevant terms and conditions governing this transportation agreement state that the only jurisdiction and venue where this action can be commenced and advanced is in Illinois.

### EIGHTEENTH AFFIRMATIVE DEFENSE

44.     Plaintiff's cargo was not permitted for shipment, as stated by the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of

lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiff's lawsuit is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

45. Defendant QWE was not properly served with the plaintiff's Summons, Complaint, and/or Amended Complaint; this Court has no personal jurisdiction over Defendant QWE.

### TWENTIETH AFFIRMATIVE DEFENSE

46. Defendant QWE reserves its rights to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

**W H E R E F O R E**, Defendant QWE prays that plaintiff's Amended Complaint be dismissed and that Defendant QWE be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       June 13, 2007

            Hill Rivkins & Hayden LLP
            Attorneys for Defendant
            QUEBECOR WORLD LOGISTICS, INC.,
            d/b/a Q.W. EXPRESS

By: _____
        Andrew R. Brown (AB-1644)
        Anthony J. Pruzinsky (AP-8534)

        45 Broadway – Suite 1500
        New York, New York  10006
        Telephone:     212-669-0600
        Facsimile:      212-669-0699