**LAWRENCE P. THEES, ESQ**
407 Green Avenue
Brielle, New Jersey 08730
732-489-7900, Fax 732-875-0753
Attorney for Defendant, Fast Fleet Systems, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

SILVEX DESIGNS, INC.,

    Plaintiff,

-against-

FAST FLEET SYSTEMS, INC., and QUEBECOR
WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS,

    Defendants.

-against-

ONE BEACON INSURANCE COMPANY,
STATION OPERATOR SYSTEMS, INC.,
INTEGRITY TRANSPORT, INC and
EDWARD EGAN, individually

    Third-Party Defendants.
_____x

**07-cv-03740-UA-MDF**

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, COUNTERCLAIM, CROSS-CLAIM AND THIRD-PARTY COMPLAINT OF DEFENDANT, FAST FLEET SYSTEMS, INC.**

Defendant, Fast Fleet Systems, Inc. ("Fast Fleet"), by and through its attorney Lawrence Thees, as and for its Answer to the Amended Complaint of plaintiff, Silvex Designs, Inc. ("Silvex",) with Counterclaim, Cross-Claim and Third-Party Complaint, hereby responds as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Defendant Fast Fleet denies the allegations set forth in paragraph 1 of the Amended Complaint.

2.  Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.  Defendant Fast Fleet admits that it is a corporation organized and existing by virtue of the laws of New Jersey, with an office and place of business located at 407 Green Avenue, Brielle, New Jersey. Except as otherwise specifically admitted, Defendant Fast Fleet denies the remaining allegations set forth in paragraph 3 of the Amended Complaint.

4.  Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5.  Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.  Defendant Fast Fleet admits that on or about August 29, 2006, plaintiff Silvex retained Defendant QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS, ("QWE") to arrange for the transportation of a consignment said to contain exhibit materials from New York to Tucson, Arizona. Except as otherwise specifically admitted, Defendant Fast Fleet denies the remaining allegations set forth in paragraph 6 of Amended Complaint

7.  Defendant Fast Fleet admits that on or about August 29, 2006, QWE retained Defendant Fast Fleet Systems, Inc., as their agent, to transport a consignment said to contain exhibit materials from plaintiff's place of business in New York, to Newark Liberty International Airport. Except as otherwise specifically admitted, Defendant Fast Fleet denies the remaining allegations set forth in paragraph 7 of the Amended Complaint.

8.  Defendant Fast Fleet denies the allegations set forth in paragraph 8 of the Amended Complaint.

9. Defendant Fast Fleet denies the allegations set forth in paragraph 9 of the Amended Complaint.

10. Defendant Fast Fleet denies the allegations set forth in paragraph 10 of the Amended Complaint.

11. Defendant Fast Fleet denies the allegations set forth in paragraph 11 of the Amended Complaint

## COUNT I

## OUEBECOR WORLD LOGISTICS. INC. d/b/a/ Q.W. EXPRESS

### NEGLIGENCE

12. Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 11 of the Amended Complaint as if set forth herein at length.

13. Defendant Fast Fleet denies the allegations set forth in paragraph 1 3 of the Amended Complaint,

14. Defendant Fast Fleet denies the allegations set forth in paragraph 14 of the Amended Complaint

15. Defendant Fast Fleet denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Defendant Fast Fleet denies the allegations set forth in paragraph 16 of the Amended Complaint

17. Defendant Fast Fleet denies the allegations set forth in paragraph 17 of the

Amended Complaint.

18.  Defendant Fast Fleet denies the allegations set forth in paragraph 18 of the Amended Complaint.

## COUNT II

### NEGLIGENCE OF FAST FLEET, INC.

19.  Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the; allegations set forth in paragraphs 1 through 18 of the Amended Complaint as if set forth herein at length.

20.  Defendant Fast Fleet denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.  Defendant Fast Fleet denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.  Defendant Fast Fleet denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.  Defendant Fast Fleet denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.  Defendant Fast Fleet denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.  Defendant Fast Fleet denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.  Defendant Fast Fleet denies the allegations set forth in paragraph 26 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

27.  Plaintiff fails to state a claim, in whole or part, upon which relief can be granted against Defendant Fast Fleet.

## SECOND AFFIRMATIVE DEFENSE

28.     Plaintiffs claims are barred by the applicable statue of limitations and/or the doctrine of laches and the "unclean hands" doctrine and the Amended Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

29.     Plaintiff is not the real party in interest and/or the proper party to assert the claim.

## FOURTH AFFIRMATIVE DEFENSE

30.     The plaintiff has failed to mitigate its alleged loss.

## FIFTH AFFIRMATIVE DEFENSE

31.     The shipment described in plaintiff's Amended Complaint is subject to all the terms, conditions, and exceptions contained in certain bills of lading and/or air waybills then and there issued, by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

## SIXTH AFFIRMATIVE DEFENSE

32.     Plaintiff has failed to aver facts necessary to establish that Defendant Fast Fleet breached a duty that resulted in plaintiff sustaining damages.

## SEVENTH AFFIRMATIVE DEFENSE

33.     To the extent that the plaintiff suffered any loss or damage as alleged in the Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods

were not under the care, custody, or control of Defendant Fast Fleet.

**EIGHTH AFFIRMATIVE DEFENSE**

34.  Any loss or damage to the shipment as alleged in the Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendant Fast Fleet.

**NINTH AFFIRMATIVE DEFENSE**

35.  Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant Fast Fleet has and had no control and for whose conduct Defendant

**TENTH AFFIRMATIVE DEFENSE**

36.  If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by the plaintiff or others acting on plaintiff's behalf.

**ELEVENTH AFFIRMATIVE DEFENSE**

37.  The plaintiff has failed to join one or more indispensable parties to the suit.

**TWELFTH AFFIRMATIVE DEFENSE**

38.  The damages alleged in the Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity,

**THIRTEENTH AFFIRMATIVE DEFENSE**

39.    Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; the plaintiffs lawsuit is therefore barred.

**FOURTEENTH AFFIRMATIVE DEFENSE**

40.    The amount of Defendant Fast Fleet's liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybills), contracts) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

**FIFTEENTH AFFIRMATIVE DEFENSE**

41.    To the extent applicable, plaintiff's state law claims, as found in the Amended Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act, which said act provides certain duties and obligations applicable to plaintiff which plaintiff has failed to observe or comply with prior to instituting this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

42.    To the extent plaintiffs damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether Defendant Fast Fleet had, knowledge that such damages might be incurred, Defendant Fast Fleet is not liable, in accordance with the standard terms and conditions of the applicable air waybills), contract(s) of carriage or other

contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

### SEVENTEENTH AFFIRMATIVE DEFENSE

43. The jurisdiction and venue where the plaintiff commenced this suit is invalid; the relevant terms and conditions governing this transportation agreement state that the only jurisdiction and venue where this action can be commenced and advanced is in New Jersey,

### EIGHTEENTH AFFIRMATIVE DEFENSE

44. Plaintiffs cargo was not permitted for shipment, as stated by the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiffs lawsuit is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

45. Defendant Fast Fleet was not properly provided with notice of claim as required by federal statutes as a condition precedent to bringing this action.

### TWENTIETH AFFIRMATIVE DEFENSE

46. Defendant Fast Fleet reserves its rights to amend its answer to add additional or other de Senses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

## TWENTY FIRST AFFIRMATIVE DEFENSE

47. To the extent plaintiff's claims are based upon contract, there was no privity of contract between Fast Fleet Systems, Inc. and plaintiff. And any such claim is barred by the Statutes of Fraud. The Fast Fleet tariff and terms and conditions of carriage with QW Express, expressly limited Fast Fleet's liability to $.50 per pound for any part of the shipment lost, stolen or damaged, unless QW Express made prior arrangements in writing to secure excess valuation coverage.

## AS AND FOR A FIRST COUNTERCLAIM

48. Fast Fleet repeats and realleges paragraphs 1 through 47 of its Answer as if more fully set forth herein.

49. Upon information and belief, on or about August 29, 2006 plaintiff did knowingly and fraudulently induce defendant QW Express to accept for shipment some 68 trunks wrongly identified as "Exhibit Material" for shipment to a trade show in Arizona.

50. On or about the same date, QW Express dispatched Fast Fleet, as its local agent, to pickup said "Exhibit Material" from plaintiff and cause it to be forwarded on via an alternative air carrier to Arizona.

51. Plaintiff knew or should have known that the shipment in question consisted of approximately $1,500,000.00 in assorted silver jewelry, not merely "Exhibit Material". Plaintiff's counsel has admitted that the true nature of the goods shipped was intentionally misidentified.

52. Plaintiff knew or should have known that virtually every transportation company and motor cargo insurance company will refuse to handle or insure shipments of jewelry. If such jewelry shipments are handled

there is a substantial fee for declared value coverage. Fast Fleet's own cargo liability insurance was limited to $25,000.00 per shipment and would not have covered silver jewelry. Fast Fleet's tariff provides for an additional fee of $.50 per every $100.00 of declared value of any shipment it handles. If the plaintiff's shipment was a covered commodity (which it was not) Fast Fleet would have charged QW Express $7,500.00 declared value fee to handle such a shipment and obtained a special endorsement from its insurer prior to handling any such shipment. Plaintiff chose a declared value of $0, for goods it now claims were worth $1,500,000.00.

53.     Plaintiff knew or should have known that if it declared the true value of its shipment, they would have been subject to substantial additional charges from QW Express. In order to avoid those excess value charges, plaintiff wrongfully and fraudulently claimed that it was shipping "Exhibit Material" with zero declared value rather than the true commodity of silver jewelry with a claimed value of approximately $1,500,000.00. As a result of this "shipper fraud", Fast Fleet was wrongfully deprived of its insurance coverage; wrongfully deprived of any opportunity to charge additional fees necessary to handle such high value shipments; and deprived of a legal defense to this action by its insurer..

## AS AND FOR A SECOND COUNTERCLAIM

54.     Fast Fleet repeats and realleges paragraphs 1 through 53 of its Answer as if more fully set forth herein.

55.     Upon information and belief, plaintiff knows or should know that the claims against Fast Fleet are without legal or factual basis and are frivolous in nature and made in bad faith.

56.     Upon information and belief, plaintiff has brought this action fraudulently and/or solely to harass and intimidate Fast Fleet without legal justification or support. As a result of plaintiff's wrongful action in bringing and maintaining this suit, Fast Fleet has suffered and incurred expenses and losses it would not otherwise have incurred.

**W H E R E F O R E,** Defendant Fast Fleet prays that plaintiff's Amended Complaint be dismissed and that Defendant Fast Fleet be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and punitive damages on the First and Second Counterclaim.

### AS AND FOR A CROSS-CLAIM AGAINST QW EXPRESS

### FIRST COUNT INDEMNIFICATION

57.  Fast Fleet repeats and realleges paragraphs 1 through 56 of its Answer as if more fully set forth herein.

58.  At all times, Fast Fleet acted as QW Express' agent in connection with the plaintiff's shipment. The pickup and transfer of the shipment was performed on QW Express' paperwork, in their name, place and stead. QW Express relies upon agents to perform essential transportation services which taken as a whole constitute a single business enterprise. Fast Fleet performed all services at the direction and request of QW Express, without any negligence, nor causing any loss or damage to plaintiff's shipment, in a reasonable and professional manner.

59.  Upon information and belief, QW Express maintains a motor cargo insurance policy covering its employees, agents and contractors who all act in concert to form a single business enterprise. Fast Fleet is a covered "insured" in connection with plaintiff's shipment and entitled to the benefits of legal defense and indemnification provided by said insurance policy as a third-party beneficiary of such insurance coverage..

**W H E R E F O R E,** Defendant Fast Fleet prays for judgment against defendant, QW Express compelling QW Express and/or its insurer to defend, indemnify and hold Fast Fleet harmless from plaintiff's claims in this action; and awarding costs, attorneys' fees and such other and further relief as

this Court deems just and proper, including compensatory and other damages on the First Count of the Cross-Claim.

### SECOND COUNT DECLARATORY JUDGMENT

60. Fast Fleet repeats and realleges paragraphs 1 through 59 of its Answer as if more fully set forth herein.

61. Upon information and belief QW Express knew or should have known that plaintiff's shipment contained silver jewelry and not the stated commodity, "Exhibit Materials". QW Express failed to reveal the true nature of the shipment to its agent, Fast Fleet, thereby causing Fast Fleet's insurance coverage to be nullified with regard to this shipment.

62. At no time has QW Express filed any claim against Fast Fleet in connection with plaintiff's shipment. Under the Carmack Amendment, and Fast Fleet's tariff terms and agreements with QW Express, Fast Fleet's liability is limited to $.50 per pound or $50.00 for any loss or damage to a QW Express shipment while in the care custody and control of Fast Fleet. See Fast Fleet tariff and Excess value terms attached as Exhibit A.

**W H E R E F O R E,** Defendant Fast Fleet prays for judgment against defendant, QW Express declaring Fast Fleet not liable for any part of plaintiff's claims, either directly or indirectly; declaring that Fast Fleet has no liability to QW Express for any loss or damage to plaintiff's shipment; and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages on the Second Count of the Cross-Claim.

### AS AND FOR A THIRD-PARTY COMPLAINT
### AGAINST ONE BEACON INSURANCE CO.

## COUNT ONE

63. Fast Fleet repeats and realleges paragraphs 1 through 62 of its Answer as if more fully set forth herein.

64. At all relevant times, defendant One Beacon Insurance Company provided Fast Fleet with a motor cargo liability policy covering Fast Fleet and its agents, Station Operator Systems and RCT Xpress, for loss or damage to customers' freight shipments in their care custody and control.

65. One Beacon has failed and refused to honor its commitment to indemnify or defend Fast Fleet in connection with plaintiff's shipment in this litigation and another shipment handled by RCT Xpress in the San Francisco area (where there is other litigation pending).

66. The contract of insurance requires One Beacon to pay for the claimed losses; or at its option, provide a legal defense. One Beacon interprets its contract to read that it may do either, but has done neither. In this case One Beacon further claims that plaintiff's intentional misidentification of the freight commodity being shipped, voids Fast Fleet's coverage although Fast Fleet had no way of knowing the true commodity being shipped.

67. As a result of One Beacon's bad faith denial of coverage and breach of insurance contract, Fast Fleet and RCT Xpress have incurred substantial costs for legal defense of these two lawsuits.

**W H E R E F O R E ,** Defendant Fast Fleet prays for judgment against Third-Party defendant, One Beacon Insurance Company compelling One Beacon Insurance Company to defend, indemnify and hold Fast Fleet harmless from plaintiff's claims in this action and the pending California action; and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory, punitive and other damages on the First Count of the Third-Party Complaint.

## AS AND FOR A THIRD-PARTY COMPLAINT AGAINST STATION OPERATOR SYSTEMS, INTEGRITY TRANSPORT, INC AND EDWARD EGAN

## COUNT ONE

68. Fast Fleet repeats and realleges paragraphs 1 through 67 of its Answer as if more fully set forth herein.

69. Station Operator Systems, Inc. ("SOS") and Integrity Transport, Inc. ("IT") are New Jersey corporations licensed and contracted by Fast Fleet to provide transportation services to Fast Fleet customers for shipments originating or terminating at or about Newark Liberty International Airport, pursuant to the terms and conditions of a certain Station Operator Agreement ("SOA") executed by the parties in August of 2003. Attached as Exhibit B.   All of these Third-Party defendants conduct business at 475 Division Street, Elizabeth, New Jersey and Edward Egan resides at 8 Burnside Court, Cranford, New Jersey.

70. SOS and/or IT actually provided the services (on behalf of Fast Fleet) rendered to QW Express in connection with plaintiff's shipment.  At no time was the shipment in the care custody or control of Fast Fleet, except through its contractors SOS, IT and Edward Egan, individually.

71. Pursuant to the terms of the "SOA", SOS, IT and Edward Egan, individually, jointly and severally agreed to indemnify and hold Fast Fleet harmless from any loss cost or expense (including attorneys fees) arising from any claims or incidents such as the instant litigation claims made by plaintiff.

72. In the event that plaintiff is successful in proving all or any part of its claims against Fast Fleet, Fast Fleet seeks indemnification and/or contribution from and judgment against SOS, IT and Edward Egan, individually, jointly and severally, pursuant to the terms of the "SOA".

**WHEREFORE,** Defendant Fast Fleet prays for judgment against Third-Party defendants, Station Operator Systems, Inc., Integrity Transport, Inc. and Edward Egan, jointly and severally, compelling them to defend, indemnify and hold Fast Fleet harmless from plaintiff's claims in this action; and in the event of any judgment granted plaintiff against Fast Fleet, judgment over against Station Operator Systems, Inc., Integrity Transport, Inc. and Edward Egan, jointly and severally, in the same amount as any judgment so granted plaintiff and indemnifying Fast Fleet, and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages on the First Count of the Third-Party Complaint against these defendants.

.

Dated: July 10, 2007

**LAWRENCE P. THEES, ESQ**
Attorney for Defendant, Fast Fleet Systems, Inc.



By:\_\_\_\_/s/ Lawrence P. Thees_____
407 Green Avenue
Brielle, New Jersey 08730
732-489-7900, Fax 732-875-0753

## FAST FLEET SYSTEMS
I N C O R P O R A T E D

1414 Calcon Hook Road, Sharon Hill, PA 19079
610-237-3990, FAX 732-875-0753

### Customer Declared Value Election Form

_____ ("Customer") agrees as follows:

Customer has read and understands and agrees to the terms of the Fast Fleet Systems, Inc. (hereinafter "Fast Fleet") Rate Sheet Tariff which contains its conditions of service (Contract) contained therein.

#### OPTION ONE: DECLARED VALUE AGREEMENT

The customer requests Fast Fleet to provide excess value coverage on all shipments when the customer's housebill or inbound masterbill indicates excess value is required. Please note that Fast Fleet will charge, and Customer agrees to pay, an excess value charge of $ 0.50 per $100.00 of declared value as stated on Customers' housebill, masterbill or faxed alert. This charge is subject to a minimum of $5.00 for coverage up to $1,000.00 and a maximum of $125.00 for our maximum coverage of $25,000.00. Any shipment with a value in excess of $25,000.00 will require prior arrangements and a special endorsement without which, it will have an agreed release value of $25,000.00. Otherwise, and in the event Customer elects not to pay for excess value coverage, or fails to elect either option, then all shipments handled by Fast Fleet, shall be treated as No Value Declared shipments and subject to the limitations set forth in Option Two below.

#### OPTION TWO: NO VALUE DECLARED POLICY
**(This option is automatically applied by use of our services without
any other signed and accepted election)**

In the event of a claim for: loss; theft; damage; pilferage; delay; negligence; employee or contractor dishonesty; or special, consequential, compensatory and/or punitive damages, Customer specifically agrees that Fast Fleet shall be liable for only $0.50 per pound on the affected weight of your shipment, up to a maximum of $50.00 per shipment. Customer agrees that this $0.50 per pound limitation shall apply to all C.O.D. shipments as well. Customer understands that the service charge made by Fast Fleet on C.O.D. shipments is solely to cover the additional service provided by Fast Fleet for collecting the C.O.D. funds and that this service charge does not increase the liability of Fast Fleet beyond said $0.50 per pound on the affected weight of our shipment.

Initial: _____ YES (CHARGE US EXCESS VALUE FEE)    _____ NO (ALL FREIGHT NVD)

Customer further agrees that all freight charges must be current, without offset, before Fast Fleet will consider payment of any claim. "Fast Fleet" includes its trade names of RCT Xpress; Personal Touch Freight Systems; ACE Air Freight and all Fast Fleet Systems subcontractors, agents and employees. Customer further agrees that it waives any rights of subrogation against Fast Fleet by it or its insurer for any claim that it or its insurer pays to any third party without the written consent of Fast Fleet.

Signed: _____ Dated: _____

Name & Title: _____

Company : _____

Accepted by Fast Fleet: _____

PHL: (610)237-3990, FAX (610)237-3995          *"Fast Fleet Wants You!"*          JFK: (718)244-0853, FAX (718)244-1657
MDT: (717)939-8770, FAX (717)939-8773          EWR (908)558-9600, Fax (908)558-0919          SFO: (650)871-4335, FAX (650)871-4366

**EXHIBIT A**

# FAST FLEET SYSTEMS
I N C O R P O R A T E D
*475 Division Street, Elizabeth, NJ 07201*
**(905)558-9600, FAX (908)558-0919**
AND

## PERSONAL TOUCH FREIGHT SYSTEMS
**( 908)354-6800 Fax (908)354-6880**

## EWR RATES

**SPECIAL RATES:**
MONDAY THRU FRIDAY

**NJ POINTS:**

| AREAS | MINIMUM | CWT | 1000 | 2000 | 5000 | 00-1700 | 01-0859 | SAT | SUN |
|---|---|---|---|---|---|---|---|---|---|
| A | $14.25 | $7.25 | $6.75 | $6.25 | $5.60 | $48.00 | $68.00 | $80.00 | $90.00 |
| B | $15.00 | $8.00 | $7.25 | $6.75 | $6.15 | $63.00 | $84.00 | $95.00 | $110.00 |
| C | $17.00 | $8.75 | $8.25 | $7.25 | $6.50 | $95.00 | $115.00 | $125.00 | $135.00 |
| D | $23.75 | $10.75 | $10.25 | $9.75 | $9.00 | $110.00 | $130.00 | $140.00 | $150.00 |
| E | $50.00 | $15.75 | $14.25 | $12.75 | $11.00 | $135.00 | $155.00 | $165.00 | $175.00 |

*Area E is a second day point and same day service may require a Special surcharge.

**NY POINTS:**

| AREAS | MINIMUM | CWT | 1000 | 2000 | 5000 | 00-1700 | 01-0859 | SAT | SUN |
|---|---|---|---|---|---|---|---|---|---|
| G | $17.00 | $9.75 | $9.25 | $9.00 | $8.25 | $68.00 | $89.00 | $110.00 | $120.00 |
| H | $21.00 | $11.50 | $10.75 | $10.25 | $9.50 | $89.00 | $110.00 | $120.00 | $130.00 |
| I | $27.25 | $13.25 | $12.50 | $12.00 | $11.00 | $110.00 | $130.00 | $150.00 | $175.00 |

Note- All above areas are Fast Fleet designated and based on proximity to Newark Airport, (not ACI Areas). These rates must be read with an accompanying Fast Fleet points list with the designated areas.

**ACCESSORIAL CHARGES IN ADDITION TO ABOVE RATES:**

| | | |
|---|---|---|
| AIRPORT DROP | $7.00 | OR .03/LB. |
| COD/FCCOD FEE | $25.00 | |
| DECLARED VALUE | $50.00 | OR .50/$100. DECLARED |
| DIM FACTOR | 194 | |
| DOCK TRANSFER | $7.00 | OR .03/LB. |
| INSIDE DELIVERY | $10.00 | OR .03/LB. |
| LIFTGATE SERVICE | $60.00 | |
| PALLET JACK | $25.00 | |
| RAILROAD P/U OR DEL | $40.00 | |
| RESIDENCE/CALL B4 | $10.00 | OR .03/LB. |
| TICKET COUNTER | $30.00 | |
| TWO MAN | $75.00 | per hour or fraction thereof |
| UNCRATING/PACKING | QUOTE ONLY | |
| WAITING TIME (TRUCK) | $40.00 | PER HOUR OR FRACTION |
| WAITING TIME(TRAILER) | $60.00 | PER HOUR OR FRACTION |
| AIR RIDE | $100.00 | |
| PIER | $35.00 | |

**STATION INFO:**

HOURS:   **MON THRU FRI:**   **SATURDAY:**                     **SUNDAY:**
           0600-2300             ANS. SVC., SWEEP, SPECIALS     SPECIALS ONLY

**CONTACT:**   Ed Egan, EWR Station Owner
              Cheri Egan, Terminal Manager
              Cheryl Vasquez, Customer Service Manager
              John DeFilippo, Night Operations Manager

**ADDITIONAL TERMS:** The effective date of these rates is August 15, 2005. All shipments handled by Fast Fleet Systems, Inc. ("Fast Fleet") and its agents contractors will be deemed to have a value of $.50 per pound of the portion of any shipment which may have been lost, stolen, damaged or destroyed while under the control of Fast Fleet, or $50.00, whichever is lesser, unless a higher value is declared in writing and a fee of $.50 per $100.00 of such declared value is paid by the customer to Fast Fleet. All Fast Fleet charges are due and payable within 7 days of billing and in the event a customer fails to pay said charges wthin 30 days, customer shall be liable for additional charges including: collection costs, and/or attorney's fees together with interest in the amount of 1.5% per month on any balance due over 30 days; and Fast Fleet shall have a lien on any and all of customer's shipments in its control for all money due Fast Fleet.

Fast Fleet Systems, Inc. corporate offices are located at:, 1414 Calcon Hook Road, Sharon Hill, PA 19079

## "Fast Fleet wants you..."
## Please call us for our JFK, PHL, MDT & SFO rates!