Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York  10006
Telephone:     212-669-0600
Facsimile:      212-669-0699

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

SILVEX DESIGNS, INC.,

        Plaintiff,

   -against-

FAST FLEET SYSTEMS, INC., and
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS,

        Defendants,

   -against-

ONE BEACON INSURANCE COMPANY,
STATION OPERATOR SYSTEMS, INC.,
INTEGRITY TRANSPORT, INC., and,
EDWARD EGAN, individually,

        Third-Party Defendants.

--------------------------------------------------------X

**07-cv-03740-UA-MDF**

**DEFENDANT QUEBECOR WORLD
LOGISTICS, INC.'S ANSWER WITH
CROSS-CLAIMS TO DEFENDANT
FAST FLEET SYSTEMS, INC.'S
CROSS-CLAIMS, AND DEFENDANT
QUEBECOR WORLD LOGISTICS,
INC.'S CROSS-CLAIMS AGAINST
THIRD PARTY DEFENDANTS**

    Defendant Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and

through its attorneys Hill Rivkins & Hayden LLP, as and for its Answer with Cross-Claims to

the Cross-Claims of Defendant Fast Fleet Systems, Inc. ("Fast"), hereby responds and alleges as

follows:

## FIRST COUNT INDEMNIFICATION

1. Defendant QWE denies the allegations set forth in paragraph 57 of Defendant Fast's Cross-Claim.

2. Defendant QWE denies the allegations set forth in paragraph 58 of Defendant Fast's Cross-Claim.

3. Defendant QWE denies the allegations set forth in paragraph 59 of Defendant Fast's Cross-Claim.

## SECOND COUNT DECLARATORY JUDGMENT

4. Defendant QWE denies the allegations set forth in paragraph 60 of Defendant Fast's Cross-Claim.

5. Defendant QWE denies the allegations set forth in paragraph 61 of Defendant Fast's Cross-Claim.

6. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

7. Defendant Fast fails to state a claim, in whole or part, upon which relief can be granted against Defendant QWE.

## SECOND AFFIRMATIVE DEFENSE

8. Defendant Fast's claims are barred by the applicable statue of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

9.      Defendant Fast has failed to mitigate its potential liability.

## FOURTH AFFIRMATIVE DEFENSE

10.     Any damages that will allegedly be sustained by Defendant Fast are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant QWE has and had no control and for whose conduct Defendant QWE has and had no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

11.     If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Plaintiff's Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by Defendant Fast or others acting on Defendant Fast's behalf.

## SIXTH AFFIRMATIVE DEFENSE

12.     Defendant QWE reserves its rights to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

**W H E R E F O R E**, Defendant QWE prays that Defendant Fast's Cross-Claims be dismissed, and that Defendant QWE be awarded costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM AGAINST DEFENDANT FAST FLEET SYSTEMS, INC.

## INDEMNITY AND CONTRIBUTION

13.    Defendant QWE repeats and re-alleges each and every admission, denial, denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations, and affirmative defense set forth in paragraphs 1 through 12 as if set forth herein at length.

14.    On or about August 29, 2006, Defendant QWE contracted with Defendant Fast to carry the subject shipment.  Soon thereafter, Defendant Fast and/or its agents picked up the subject shipment from the Plaintiff's place of business and undertook to safely transport said shipment to Newark International Airport.

15.    Plaintiff has alleged that the subject shipment sustained a loss en route, an allegation which Defendant QWE has denied.

16.    However, to the extent Plaintiff has suffered a loss, which is denied, and is entitled to recover damages from Defendant QWE arising out of the subject shipment, Defendant QWE is entitled to full indemnity and/or full contribution from Co-Defendant Fast for such sums, if any are recovered, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Defendant QWE in defending against Plaintiff's action and/or recovering-over against Defendant Fast.

**W H E R E F O R E**, Defendant QWE prays for a judgment:

1.    Dismissing the Cross-Claims of Defendant Fast with prejudice and awarding costs, including attorneys' fees associated with defending the Cross-Claim;

4

    2.      Giving judgment to Defendant QWE against Co-Defendant Fast on the Cross Claim together with costs, expenses, interest, attorneys' fees; and,

    3.      For such other and further relief as this Court deems just and proper.

## CROSS-CLAIM AGAINST THIRD PARTY DEFENDANTS STATION OPERATOR SYSTEMS, INC., INTEGRITY TRANSPORT, INC., AND EDWARD EGAN

      Defendant/Third Party Plaintiff Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and through its attorneys Hill Rivkins & Hayden LLP, as and for its Cross Claims against Third Party Defendants Station Operator Systems, Inc. ("Station"), Integrity Transport, Inc. ("Integrity"), and Edward Egan ("Egan"), hereby alleges upon information and belief as follows:

    1.      On or about May 22, 2007, Plaintiff Silvex Designs, Inc. ("Silvex"), filed its Amended Complaint, naming as Defendants QWE and Fast Fleet Systems, Inc. ("Fast"). A true and accurate copy of the Plaintiff's Amended Complaint is attached hereto as Exhibit 1.

    2.      On or about June 13, 2007, Defendant QWE filed its Amended Answer. A true and accurate copy of Defendant QWE's Amended Answer is attached hereto as Exhibit 2.

    3.      Plaintiff alleged that Defendant QWE was liable for its alleged cargo loss, and that the extent of this loss was $332,872.96. *Amended Complaint*, ¶¶ 14, 15.

    4.      However, Plaintiff's alleged cargo loss, which is denied, was in no way caused by or related to any act or omission of Defendant QWE.

5.      On or around August 29, 2006, Defendant Fast contracted with Third Party Defendants Station, Integrity, and Egan, to undertake the safe transport of the subject shipment from New York City to Newark International Airport.

6.      Defendant Fast and/or Third Party Defendants Station, Integrity, and Egan were the only parties to ever come into physical contact with the subject shipment.  Any alleged loss of cargo, which is denied, must be attributed to Defendant Fast and/or Third Party Defendants Station, Integrity, and Egan.

7.      To the extent Plaintiff Silvex has suffered a loss, which is denied, and is entitled to recover damages from Defendant QWE arising out of the subject shipment, Defendant QWE is entitled to full indemnity and/or full contribution from Third-Party Defendants Station, Integrity, and Egan, jointly and severally, if any are recovered, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Defendant QWE in defending against Plaintiff's action and/or recovering-over against Third-Party Defendants.

**W H E R E F O R E**, Defendant/Third Party Plaintiff QWE prays for a judgment holding Third Party Defendants Station, Integrity, and Egan liable for any damages for which Defendant/Third Party Plaintiff QWE is held liable to Plaintiff Silvex, and that Defendant/Third Party Plaintiff QWE be awarded costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       July 25, 2007

           Hill Rivkins & Hayden LLP
           Attorneys for Defendant
           QUEBECOR WORLD LOGISTICS, INC.,
           d/b/a Q.W. EXPRESS

      By: _____
           Andrew R. Brown (AB-1644)
           Anthony J. Pruzinsky (AP-8534)

           45 Broadway – Suite 1500
           New York, New York  10006
           Telephone:     212-669-0600
           Facsimile:     212-669-0699

# EXHIBIT

# 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SILVEX DESIGNS, INC.,                                      07-cv-03740-UA-MDF

        Plaintiff,

                                                   **AMENDED COMPLAINT**

     -against-

FAST FLEET SYSTEMS, INC. and
QUEBECOR WORLD LOGISTICS, INC.
d/b/a Q.W. EXPRESS,

        Defendants.

-----------------------------------------------------------X

      COMES NOW Plaintiff, SILVEX DESIGNS, INC. by and through its attorneys,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, for its claims and causes of

action against FAST FLEET SYSTEMS, INC. and QUEBECOR WORLD LOGISTICS, INC.

d/b/a Q.W. EXPRESS, alleges upon information and belief, as follows:

### PARTIES, JURISDICTION AND VENUE

      1.    Jurisdiction is predicated upon 28 § U.S.C. § 1331, 28 § U.S.C. § 1332(a)(2) and

28 § U.S.C. § 1337 since the claim arises out of interstate transport of goods by motor carrier

pursuant to the Carmack Amendment, 49 U.S.C. § 14706 and since there is diversity of

citizenship between the parties and the Plaintiff's damages exceed $75,000.

      2.    Plaintiff, Silvex Designs, Inc. (hereinafter "Silvex"),  is a corporation organized

and existing by virtue the laws of New York in the United States, engaged in the business of

retail of silver jewelry, with a principal place of business located at 330 5th Avenue, New York,

New York.

      3.    Defendant, Quebecor World Logistics, Inc. d/b/a Q.W. Express (hereinafter

"Q.W. Express"), is a corporation organized and existing by virtue of the laws of Illinois in the

1

United States, engaged in business as a common carrier of goods, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois.

    4       Defendant, Fast Fleet Systems, Inc., (hereinafter "Fast Fleet") is a corporation organized and existing by virtue of the laws of New Jersey in the United States, engaged in business as a common carrier of goods, with an office and place of business located at 407 Green Avenue, Brielle, New Jersey.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

    5.       Plaintiff, Silvex, is the received, consignee, owner and/or assured of the consignment hereinbelow described.  Plaintiff, Silvex, brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interest may ultimately appear, and Plaintiff is entitled to maintain this action.

    6.       On or about August 29, 2006, Plaintiff, Silvex, retained Defendant, Q.W. Express, to transport a consignment of approximately 4009 pound of sterling silver jewelry, contained in 69 trunks, from Silvex's principle place of business in New York to Rodeway Inn, 1365 West Grant, Tucson, Arizona, the location of a trade show where Plaintiff intended to market the aforementioned jewelry, all in consideration of an agreed freight rate. (See copy of Bill of Lading attached hereto as Exhibit "A".)

    7.       On or about August 29, 2006, Q.W. Express retained Defendant, Fast Fleet to transport the aforementioned jewelry all or part of the route from Plaintiff's principal place of business to the intended destination in Tucson, Arizona.

2

8.     On August 29, 2006, Fast Fleet picked up the aforementioned jewelry consignment from Plaintiff's principle place of business in good order and condition and weighing in total approximately 4009 pounds.

9.     The aforementioned consignment was transported by Fast Fleet from Plaintiff's principle place of business to a location in Newark, New Jersey, where the aforementioned consignment was consolidated with other goods prior to being transported to the intended destination in Tucson, Arizona.

10.     When the consignment arrived at Newark, New Jersey, it was weighed prior to consolidation and transport to the intended destination in Tucson, Arizona.  The total weight of the jewelry consignment delivered by Fast Fleet to Newark, New Jersey was 3084 pounds.  (See copy of Invoice from Q.W. Express dated September 19, 2006, Bill No. LEX3171137, attached hereto as Exhibit "B".)

11.     When the consignment arrived at its intended destination in Tucson, Arizona on September 6, 2006, it was ascertained that approximately 925 pound of jewelry, approximately half the content of jewelry in each trunk, were missing.  (See copy of City of Tucson, Arizona Police Report, Case No. 0609060238, dated September 6, 2006, attached hereto as Exhibit "C".)

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS

## NEGLIGENCE

12.     Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

13.    Defendant, Q.W. Express, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

14.    The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Q.W. Express.

15.    By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on September 6, 2006.

WHEREFORE, Plaintiff prays:

16.    That process in due form of law may issue against the Defendant, Q.W. Express, citing it to appear and answer all and singular the matters aforesaid;

17.    That judgment may be entered in favor of Plaintiff against the Defendant, Q.W. Express, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action,; and

18.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT II

## NEGLIGENCE OF FAST FLEET, INC.

## NEGLIGENCE

19.    Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

4

75896.1

20.     Defendant, Fast Fleet, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

21.     The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Fast Fleet.

22.     By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on multiple occasions, beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

23.     That process in due form of law may issue against the Defendant, Fast Fleet, citing it to appear and answer all and singular the matters aforesaid;

24.     That judgment may be entered in favor of Plaintiff against the Defendant, Fast Fleet, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action,; and

25.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

26.     Plaintiff hereby demands a TRIAL BY JURY pursuant to Fed. R. Civ. P. Rule 38.

Dated:  White Plains, New York
        May 21, 2007

75896.1

THE PLAINTIFF,
SILVEX DESIGNS, INC.

By _____

Brian Del Gatto BD 7759
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Our File No.: 09945.00001

6

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on the 21st day of May, 2007 to the following:

***Defendant, Fast Fleet Systems, Inc.***
Fast Fleet Systems, Inc.
407 Green Avenue
Brielle, NJ 08730

***Defendant, Quebecor World Logistics, Inc.***
***d/b/a Q.W.Express***
Quebecor World Logistics, Inc.
1130 West Thorndale
Bensenville, IL 60106


Brian Del Gatto BD 7759

75896.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

     Ileana Cordova, being duly sworn, deposes and says: that deponent is not a party to this

action, is over the age of 18 years and resides in Westchester County, New York.  On the 21st

day of May, 2007, deponent served the **NOTICE OF AMENDED COMPLAINT AND**

**AMENDED COMPLAINT** upon:

TO:    ***Defendant, Fast Fleet Systems, Inc.***
        Fast Fleet Systems, Inc.
        407 Green Avenue
        Brielle, NJ 08730

        ***Defendant, Quebecor World Logistics, Inc. d/b/a Q.W.Express***
        Quebecor World Logistics, Inc.
        1130 West Thorndale
        Bensenville, IL 60106

at the address designated by said attorney for that purpose by depositing a true copy of same

enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Post Office within the State of New York.

                                    Ileana Cordova

Sworn to before me this
21st day of May, 2007

_____
Notary Public

GLADYS CAMPBELL
Notary Public, State of New York
No. 01CA4698890
Qualified in Bronx County
Commission Expires Sept. 30, _____ 2069

75923.1

Docket No. 07-cv-03740-UA-MDF

Brian Del Gatto
09945.00001

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SILVEX DESIGNS, INC.,

        Plaintiff,

FAST FLEET SYSTEMS, INC. and, QUEBECOR WORLD
LOGISTICS, INC. d/b/a Q.W EXPRESS,

        Defendants.

## AMENDED COMPLAINT

## WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Attorneys For*  SILVEX DESIGNS, INC.

*Office & Post Office Address, Telephone*
3 Gannett Drive
White Plains, NY 10604
914-323-7000

# EXHIBIT

# A

08/23/2006    15:13    859 253 9137 → 12127601173                    NO.553    P02

**QWEXPRESS**

## Q. W. Express
### P.O. BOX 940

### BENSENVILLE, IL. 60106
Phone: 877-732-8738   FAX: 847-952-4904

### Bill of Lading

Date: 08/29/2006          Bill Number: LEX317137
Payor: CRPD               Origin: EWR    Dest: TUS

Shipper Reference                    Receiver Reference GLW / BTH # EC22-35

SILVEX DESIGN                        RODEWAY INN
330 5TH AVENUE                       1365 WEST GRANT
SUITE 808
NEW YORK  NY. 10001                  TUCSON  AZ. 85745
ATHENA MACY-MEIER                    SILVEX IMAGES

| Pieces | Weight | Description | Pcs | L | W | H | DimWt | Service Requested |
|--------|--------|-------------|-----|---|---|---|-------|-------------------|
| 69 | 0 | EXHIBIT MATERIAL | | | | | | DEFERRED |
| 69 | 0 | Totals | | Chargeable Weight 0 | | | COD: $0.00 | Declared Value: $0.00 |

Delivery Remarks: MUST DELIVER ON 09/06/06 @ 9 AM GLW / SILVEX IMAGES / BTH # EC22-35

Customer

SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK  NY. 10001
FAX: 212 760-1173

_____          _____
Shipper's (Name, Date and Time)         Received by (Name, Date and Time)

# EXHIBIT

# B

VICTIM MAY PHOTOCOPY FORM AS MANY TIMES AS NEEDED

| TYPE OF REPORT (X in Appropriate Box) | DATE OF CRIME 9/6/06 | CASE NO. 0609060238 |
|---|---|---|
| ☐ BURGLARY ☐ ROBBERY ☐ THEFT FROM VEHICLE ☐ PURSE SNATCH ☐ STRONG ARM ROBBERY ☒ THEFT | VICTIM (FIRM IF BUSINESS) Silver Designs | LOCATION OF OCCURENCE 1365 W. Grant #143 |
| | CRIME CLASSIFICATION 06.10 | OFFICER'S NAME, PR # AND TEAM Broadway 35642 ODW |

## PLEASE PRINT

LIST ADDITIONAL ITEMS TAKEN WITH AS COMPLETE A DESCRIPTION AS POSSIBLE. FOLD, SIGN, SEAL, AND DROP IN MAILBOX. USE BLACK INK.

EXAMPLE

| Type of Item | Brand Name or Bank Number | Model Number Acct / Card No. | Serial No. or Check Numbers | Color and / or Caliber | Size and / or Style | Value |
|---|---|---|---|---|---|---|
| T.V. SET | Sony | DR200 | 5100 3546R | Brown Cabinet | 25" Color | $550.00 |
| RIFLE | Weatherby | 7005 | ZTN38621 | Wad Stock 270 Cal | Sporter Semi Auto | $395.00 |

IF THE APPROPRIATE CATEGORIES ARE NOT AVAILABLE ON THIS FORM OR ADDITIONAL SPACE IS NECESSARY TO DESCRIBE AN ITEM, FEEL FREE TO USE TWO LINES.

TOTAL $695.00

| Type of Item | Brand Name or Bank Number | Model Number Acct. / Card No. | Serial No. or Check Numbers | Color and / or Caliber | Size and / or Style | Value |
|---|---|---|---|---|---|---|
| 67648 gm | Sterling Earrings | | .925 | Asst | Asst | 52765.44 |
| 54656 gm | Sterling Bracelets | | .925 | " | " | 42631.68 |
| 100840 gm | Sterling Pendants | | .925 | " | " | 78624.00 |
| 11648 gm | Sterling Vermeil Jewelry | | .925 | Gold | " | 10483.20 |
| 37189 gm | Sterling Rings | | .925 | Asst | " | 29003.53 |
| 8064 gm | Sterling + Mystic Topaz | | .925 | | " | 10080.00 |
| 6272 gm | Sterling Blue Topaz | | .925 | Blue Stones | " | 7840.00 |
| 26432 gm | Sterling Beads + Findings | N/A | | Silver | " | 14537.60 |
| 4928 gm | Sterling & CZ Jewelry | | .925 | Silver | White CZs | 4188.80 |
| 79744 gms | Stone Beaded Jewelry w/ silver accents | | | | Asst | 62200.32 |
| 25984 gms | Sterling + Turquoise Jewelry | | | Blue & Silver | | 15590.40 |

MAKE SURE ALL BLANKS ARE FILLED OUT DESCRIBING PROPERTY

| NOTE: If you come up with additional information that you believe will help solve the crime, please list the information below. | NOTICIA: Si usted halla información adicional que cree que nos asistira en resolver su caso, por favor escribela información debajo de este linea. |
|---|---|

| 9856 g | Sterling Jewelry w/ no stones (plain silver) | 4928.00 |
| | | |
| | Total $332,872.96 |

ADDITIONAL SPACE PROVIDED ON BACK

PLEASE SIGN YOUR FULL NAME HERE: Athena Macy-Meier    *Athena Mayh*    TODAY'S DATE 9-10-06

CITIZEN'S MAIL-IN
DEPARTMENTAL REPORT FORM          CITY OF TUCSON, ARIZONA - POLICE DEPARTMENT

TPD 1832 (06/00)                                                                                          78-6-1832-7 (08/00)

# EXHIBIT

# C



13158 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693
(877) 536-5526

QWExpress Date

SEP 1 9 2006

| | |
|---|---|
| 08/29/2006 | **LEX317137** |
| PAYOR | ORIGIN | DESTINATION |
| CRPD | EWR | TUS |

| SHIPPER REFERENCE | | RECEIVER REFERENCE GLW / BTH # EC22 |
|---|---|---|

**SHIPPER**
SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK  NY. 10001

**RECEIVER**
RODEWAY INN
1365 WEST GRANT
TUCSON AZ. 85745

| PIECES | WEIGHT | DESCRIPTION | PIECES | LENGTH | WIDTH | HEIGHT | DIM WT. | SERVICE REQUESTED |
|---|---|---|---|---|---|---|---|---|
| 68 | 3084 | EXHIBIT MATERIAL | 2 | 48 | 40 | 46 | 2092 | DEFERRED |
| | | | 1 | 49 | 51 | 46 | | |
| | | | 1 | 48 | 40 | 37 | | |
| | | | 1 | 50 | 48 | 18 | | |

| | | |
|---|---|---|
| DECLARED VALUE | | $0.00 |
| CHARGEABLE WEIGHT | | 3084 |

| | |
|---|---|
| **TOTALS** | 68  3084 |

| DESCRIPTION | AMOUNT |
|---|---|
| Freight Charges ($0.7500) | $2,313.00 |
| Dec Value | $0.00 |
| 2 Man Pickup | $75.00 |
| Lift Gate Pickup | $60.00 |
| Special Pickup | $70.00 |
| Waiting Time | $40.00 |
| Inside Pickup | $95.00 |
| Palletizing/Shrink Wrap | $125.00 |
| Special Delivery | $45.00 |
| Hotel Delivery | $25.00 |

PAYOR:

SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK  NY. 10001

| **TOTAL AMOUNT DUE:** | $2,848.00 |
|---|---|

**PLEASE RETURN BOTTOM PORTION WITH YOUR PAYMENT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEASE REMIT TO:



13158 Collections Center Drive
Chicago, IL 60693
(877) 536-5526

| | |
|---|---|
| SILV18355 | |
| BILL NUMBER | |
| LEX317137 | |
| TOTAL AMOUNT DUE | |
| $2,848.00 | |

This invoice is subject to Quebecor World's
standard terms and conditions of sale or to the terms
and conditions contained in a written agreement
agreed to by both parties. Net terms are 15 days. Any
past due balance will be subject to an interest rate not
to exceed 1.5% per month, or as indicated in a written
agreement between the parties. This statement does
not supercede any written contractual terms of sale.

We accept Visa, MC and American Express

# EXHIBIT

# 2

Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York  10006
Telephone:    212-669-0600
Facsimile:    212-669-0699


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

SILVEX DESIGNS, INC.,

        Plaintiff,

    -against-

FAST FLEET SYSTEMS, INC., and
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS,

        Defendants.

-------------------------------------------------------X

**07-cv-03740-UA-MDF**

**AMENDED ANSWER OF**
**DEFENDANT QUEBECOR**
**WORLD LOGISTICS, INC., TO**
**PLAINTIFF'S AMENDED COMPLAINT**


       Defendant Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and

through its attorneys Hill Rivkins & Hayden LLP, as and for its Amended Answer to the

Amended Complaint of Plaintiff Silvex Designs, Inc. ("Silvex") hereby responds as follows:


### PARTIES, JURISDICTION AND VENUE

    1.     Defendant QWE denies the allegations set forth in paragraph 1 of the Amended

Complaint.

    2.     Defendant QWE denies knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.    Defendant QWE admits that it is a corporation organized and existing by virtue of the laws of Delaware, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois.  Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 3 of the Amended Complaint.

4.    Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5.    Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.    Defendant QWE admits that on or about August 29, 2006, Plaintiff Silvex retained Defendant QWE to arrange for the transportation of a consignment said to contain exhibit materials from New York to Tucson, Arizona.  Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 6 of Amended Complaint.

7.    Defendant QWE admits that on or about August 29, 2006, QWE retained Defendant Fast Fleet Systems, Inc., to transport a consignment said to contain exhibit materials from plaintiff's place of business in New York, to Newark Liberty International Airport.  Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 7 of the Amended Complaint.

8.    Defendant QWE denies the allegations set forth in paragraph 8 of the Amended Complaint.

9.    Defendant QWE denies the allegations set forth in paragraph 9 of the Amended Complaint.

10.    Defendant QWE denies the allegations set forth in paragraph 10 of the Amended Complaint.

11.    Defendant QWE denies the allegations set forth in paragraph 11 of the Amended Complaint.

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a/ Q.W. EXPRESS

## NEGLIGENCE

12.    Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 11 of the Amended Complaint as if set forth herein at length.

13.    Defendant QWE denies the allegations set forth in paragraph 13 of the Amended Complaint.

14.    Defendant QWE denies the allegations set forth in paragraph 14 of the Amended Complaint.

15.    Defendant QWE denies the allegations set forth in paragraph 15 of the Amended Complaint.

16.    Defendant QWE denies the allegations set forth in paragraph 16 of the Amended Complaint.

17.    Defendant QWE denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.    Defendant QWE denies the allegations set forth in paragraph 18 of the Amended Complaint.

## COUNT II

## NEGLIGENCE OF FAST FLEET, INC.

### NEGLIGENCE

19.    Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 18 of the Amended Complaint as if set forth herein at length.

20.    Defendant QWE denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.    Defendant QWE denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.    Defendant QWE denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.    Defendant QWE denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.    Defendant QWE denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Defendant QWE denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Defendant QWE denies the allegations set forth in paragraph 26 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

27.     Plaintiff fails to state a claim, in whole or part, upon which relief can be granted against Defendant QWE.

## SECOND AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by the applicable statue of limitations and/or the doctrine of laches and the Amended Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

29.     Plaintiff is not the real party in interest and/or the proper party to assert the claim.

## FOURTH AFFIRMATIVE DEFENSE

30.     The Plaintiff has failed to mitigate its alleged loss.

## FIFTH AFFIRMATIVE DEFENSE

31.     The shipment described in plaintiff's Amended Complaint is subject to all the terms, conditions, and exceptions contained in certain bills of lading and/or air waybills then and

there issued, by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

## SIXTH AFFIRMATIVE DEFENSE

32.    Plaintiff has failed to aver facts necessary to establish that Defendant QWE breached a duty that resulted in plaintiff sustaining damages.

## SEVENTH AFFIRMATIVE DEFENSE

33.    To the extent that the Plaintiff suffered any loss or damage as alleged in the Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody, or control of Defendant QWE.

## EIGHTH AFFIRMATIVE DEFENSE

34.    Any loss or damage to the shipment as alleged in the Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendant QWE.

## NINTH AFFIRMATIVE DEFENSE

35.    Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant QWE has and had no control and for whose conduct Defendant QWE has and had no responsibility.

## TENTH AFFIRMATIVE DEFENSE

36.     If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by the Plaintiff or others acting on Plaintiff's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

37.     The plaintiff has failed to join one or more indispensable parties to the suit.

## TWELFTH AFFIRMATIVE DEFENSE

38.     The damages alleged in the Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.     Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; the plaintiff's lawsuit is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

40.     The amount of Defendant QWE's liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

7

## FIFTEENTH AFFIRMATIVE DEFENSE

41.     To the extent applicable, plaintiff's state law claims, as found in the Amended

Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

42.     To the extent plaintiff's damages include any special, incidental, or consequential

damages, including but not limited to loss of profits, income, interest, or utility, or loss of

market, resulting from the transportation of this shipment, regardless of whether Defendant QWE

had knowledge that such damages might be incurred, Defendant QWE is not liable, in

accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of

carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or

treaties, and/or classifications in effect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

43.     The jurisdiction and venue where the plaintiff commenced this suit is invalid; the

relevant terms and conditions governing this transportation agreement state that the only

jurisdiction and venue where this action can be commenced and advanced is in Illinois.

## EIGHTEENTH AFFIRMATIVE DEFENSE

44.     Plaintiff's cargo was not permitted for shipment, as stated by the standard terms

and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of

lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiff's lawsuit is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

45.    Defendant QWE was not properly served with the plaintiff's Summons, Complaint, and/or Amended Complaint; this Court has no personal jurisdiction over Defendant QWE.

## TWENTIETH AFFIRMATIVE DEFENSE

46.    Defendant QWE reserves its rights to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

**W H E R E F O R E**, Defendant QWE prays that plaintiff's Amended Complaint be dismissed and that Defendant QWE be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       June 13, 2007

                          Hill Rivkins & Hayden LLP
                          Attorneys for Defendant
                          QUEBECOR WORLD LOGISTICS, INC.,
                          d/b/a Q.W. EXPRESS

            By:  _____
                       Andrew R. Brown (AB-1644)
                       Anthony J. Pruzinsky (AP-8534)

                       45 Broadway – Suite 1500
                       New York, New York  10006
                       Telephone:    212-669-0600
                       Facsimile:    212-669-0699