UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SILVEX DESIGNS, INC.,                                          07-cv-03740-KMK-MDF

        Plaintiff,
                                                               **SECOND AMENDED**
  -against-                                                   **COMPLAINT**

FAST FLEET SYSTEMS, INC.,
QUEBECOR WORLD LOGISTICS, INC.
d/b/a Q.W. EXPRESS, STATION OPERATOR
SYSTEMS, INC., INTEGRITY TRANSPORT, INC.,
EDWARD EGAN and NICA, INC.

        Defendants.
-----------------------------------------------------------X

      COMES NOW Plaintiff, SILVEX DESIGNS, INC. by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, for its claims and causes of action against FAST FLEET SYSTEMS, INC., QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS, STATION OPERATOR SYSTEMS, INC., INTEGRITY TRANSPORT, INC., EDWARD EGAN, individually, and NICA, INC. alleges upon information and belief, as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    Jurisdiction is predicated upon 28 § U.S.C. § 1331, 28 § U.S.C. § 1332(a)(2) and 28 § U.S.C. § 1337 since the claim arises out of interstate transport of goods by motor carrier pursuant to the Carmack Amendment, 49 U.S.C. § 14706 and since there is diversity of citizenship between the parties and the Plaintiff's damages exceed $75,000.

    2.    Plaintiff, Silvex Designs, Inc. (hereinafter "Silvex"), is a corporation organized and existing by virtue of the laws of Pennsylvania in the United States, with a current principle place of business located at The Stonehedge Building, P.O. Box 345, Routes 191 and 390,

1

91362.1

Cresco, Pennsylvania. Silvex is a registered in the State of New York of the United States. At and during all relevant times herein, Silvex had its principle place of business located at 330 5th Avenue, New York, New York.

3.    Defendant, Quebecor World Logistics, Inc. d/b/a Q.W. Express (hereinafter "Q.W. Express"), is a corporation organized and existing by virtue of the laws of Illinois in the United States, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois.

4    Defendant, Fast Fleet Systems, Inc., (hereinafter "Fast Fleet") is a corporation organized and existing by virtue of the laws of New Jersey in the United States, with an office and place of business located at 407 Green Avenue, Brielle, New Jersey.

5.    Defendant, Station Operator Systems, Inc. (hereinafter "Station") is a corporation organized and existing by virtue of the laws of New Jersey in the United States, with an office and place of business located at 475 Division Street, Elizabeth, New Jersey.

6.    Defendant, Integrity Transport, Inc. (hereinafter "Integrity") is a corporation organized and existing by virtue of the laws of New Jersey in the United States, with an office and place of business located at 475 Division Street, Elizabeth, New Jersey.

7.    Defendant, Edward Egan (hereinafter "Egan") was and is an individual residing at 7 Burnside Court, Cranford, New Jersey.

8.    Defendant, NICA, Inc. (hereinafter "NICA") is a corporation organized and existing by virtue of the laws of Massachusetts, with an office and place of business located at 703 Granite Street, Suite 300, Braintree, Massachusetts.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

91362.1

9. Plaintiff, Silvex, is the receiver, consignee, owner and/or assured of the consignment hereinbelow described. Plaintiff, Silvex, brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interest may ultimately appear, and Plaintiff is entitled to maintain this action.

10. On or about August 29, 2006, Plaintiff, Silvex, retained Defendant, Q.W. Express, to transport a consignment of approximately 4009 pound of sterling silver jewelry, contained in 69 trunks, from Silvex's than principle place of business in New York to Rodeway Inn, 1365 West Grant, Tucson, Arizona, the location of a trade show where Plaintiff intended to market the aforementioned jewelry, all in consideration of an agreed freight rate. (See copy of Bill of Lading attached hereto as Exhibit "A".)

11. On or about August 29, 2006, Q.W. Express retained Defendant, Fast Fleet to transport the aforementioned jewelry all or part of the route from Plaintiff's principal place of business to the intended destination in Tucson, Arizona.

12. On August 29, 2006, Fast Fleet and/or its agents, Station, Integrity, Egan, and/or NICA picked up the aforementioned jewelry consignment from Plaintiff's principle place of business in good order and condition and weighing in total approximately 4009 pounds.

13. The aforementioned consignment was transported by Fast Fleet, Station, Integrity, Egan, and/or NICA from Plaintiff's principle place of business to a location in Newark, New Jersey, where the aforementioned consignment was consolidated with other goods prior to being transported to the intended destination in Tucson, Arizona.

14. When the consignment arrived at Newark, New Jersey, it was weighed prior to consolidation and transport to the intended destination in Tucson, Arizona. The total weight of

the jewelry consignment delivered by Fast Fleet, Station, Integrity, Egan, and/or NICA to Newark, New Jersey was 3084 pounds. (See copy of Invoice from Q.W. Express dated September 19, 2006, Bill No. LEX3171137, attached hereto as Exhibit "B".)

15. When the consignment arrived at its intended destination in Tucson, Arizona on September 6, 2006, it was ascertained that approximately 925 pound of jewelry, approximately half the content of jewelry in each trunk, were missing. (See copy of City of Tucson, Arizona Police Report, Case No. 0609060238, dated September 6, 2006, attached hereto as Exhibit "C".)

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS

### NEGLIGENCE

16. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

17. Defendant, Q.W. Express, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

18. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Q.W. Express.

19. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on September 6, 2006.

WHEREFORE, Plaintiff prays:

91362.1

20. That process in due form of law may issue against the Defendant, Q.W. Express, citing it to appear and answer all and singular the matters aforesaid;

21. That judgment may be entered in favor of Plaintiff against the Defendant, Q.W. Express, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

22. That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT II

## NEGLIGENCE OF FAST FLEET, INC.

## NEGLIGENCE

23. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

24. Defendant, Fast Fleet, failed to deliver the consignment to the Plaintiff at the designated point of delivery in the same good order and condition as it was when received by it in New York, New York.

25. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Fast Fleet.

26. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on multiple occasions, beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

27. That process in due form of law may issue against the Defendant, Fast Fleet, citing it to appear and answer all and singular the matters aforesaid;

28. That judgment may be entered in favor of Plaintiff against the Defendant, Fast Fleet, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

29. That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT III

## STATION OPERATOR SYSTEMS, INC.

### NEGLIGENCE

30. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

31. Defendant, Station, failed to deliver the consignment to the Plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

32. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Station.

33. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

34. That process in due form of law may issue against the Defendant, Station, citing it to appear and answer all and singular the matters aforesaid;

35. That judgment may be entered in favor of Plaintiff against the Defendant, Station, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

36. That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT IV

## INTEGRITY TRANSPORT, INC.

## NEGLIGENCE

37. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

38. Defendant, Integrity, failed to deliver the consignment to the Plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

39. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Integrity.

40. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

41. That process in due form of law may issue against the Defendant, Integrity, citing it to appear and answer all and singular the matters aforesaid;

42. That judgment may be entered in favor of Plaintiff against the Defendant, Integrity, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

43. That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT V

## EDWARD EGAN

## NEGLIGENCE

44. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

45. Defendant, Egan, failed to deliver the consignment to the Plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

46. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Egan.

47. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

91362.1

48. That process in due form of law may issue against the Defendant, Egan, citing it to appear and answer all and singular the matters aforesaid;

49. That judgment may be entered in favor of Plaintiff against the Defendant, Egan, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

50. That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT VI

## NICA, INC.

## NEGLIGENCE

51. Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

52. Defendant, NICA, failed to deliver the consignment to the Plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

53. The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, NICA.

54. By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on September 6, 2006.

WHEREFORE, Plaintiff prays:

55. That process in due form of law may issue against the Defendant, NICA, citing it to appear and answer all and singular the matters aforesaid;

56. That judgment may be entered in favor of Plaintiff against the Defendant, NICA, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

57. That this Court grant to Plaintiff such other and further relief as may be just and proper.

58. Plaintiff hereby demands a TRIAL BY JURY pursuant to Fed. R. Civ. P. Rule 38.

Dated: White Plains, New York
November 2, 2007

                          THE PLAINTIFF,
                          SILVEX DESIGNS, INC.

By _____
Brian Del Gatto BD 7759
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Our File No.: 09945.00001

91362.1

## CERTIFICATE OF SERVICE

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the following is true and correct; that on November 2, 2007, I caused to be served, by regular mail, a copy of the foregoing and Certificate of Service upon:

Lawrence Peter Thees, Esq.
407 Green Avenue
Brielle, NJ 08730
Ltsail@aol.com
***Attorney for Defendant, Fast Fleet Systems, Inc.***

Andrew R. Brown, Esq.
Hill Rivkins & Hayden LLP
45 Broadway – Suite 1500
New York, NY 10006
abrown@hillrivkins.com
***Attorneys for Defendant, Quebecor World Logistics, Inc. d/b/a Q.W.Express***

Barry N. Gutterman, Esq.
Robert Briere, Esq.
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, NY 10165
BNGASSC@aol.com
***Attorneys for Defendant, OneBeacon Insurance Company***

***Defendants Station Operator Systems, Inc. and Integrity Transport, Inc.***
Station Operator Systems, Inc./Integrity Transport, Inc.
475 Division Street
Elizabeth, NJ 07201

***Defendant NICA, Inc.***
703 Granite Street, Suite 300
Braintree, MA 02184

***Defendant Edward Egan***
8 Burnside Court
Cranford, NJ 07016

_____
Brian Del Gatto BD 7759

91362.1

# EXHIBIT A

**QWEXPRESS**

**Q. W. Express**
P.O. BOX 940

BENSENVILLE, IL 60106
Phone: 877-732-8738  FAX: 847-952-4904

**Bill of Lading**

Date: 08/28/2006  Bill Number: LEX317137
Payor: CRPD  Origin: EWR  Dest: TUS

**Shipper Reference**

SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK NY 10001
ATHENA MACY-MEIER

**Receiver Reference** GLW / BTH # EC22-35

RODEWAY INN
1365 WEST GRANT

TUCSON AZ 85745
SILVEX IMAGES

| Pieces | Weight | Description | Pcs | L | W | H | DimWt | Service Requested |
|---|---|---|---|---|---|---|---|---|
| 69 | 0 | EXHIBIT MATERIAL | | | | | 0 | DEFERRED |
| 69 | 0 | Totals | | | | | | |

Chargeable Weight: 0
COD: $0.00
Declared Value: $0.00

Delivery Remarks: MUST DELIVER ON 09/08/06 @ 9 AM GLW / SILVEX IMAGES / BTH # EC22-35

**Customer**

SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK NY 10001
FAX: 212 760-1173

_signature_
Shipper's (Name, Date and Time)

_signature_
Received by (Name, Date and Time)

# EXHIBIT B

**QWEXPRESS**
a division of Quebecor World Logistics

13158 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693
(877) 536-5526

| | DATE | BILL NUMBER |
|---|---|---|
| QWE Invoice Date | 08/29/2006 | LEX317137 |
| SEP 1 9 2006 | | |

| PAYOR | ORIGIN | DESTINATION |
|---|---|---|
| CRPD | EWR | TUS |

| | SHIPPER REFERENCE | | RECEIVER REFERENCE GLW / BTH # EC22 |
|---|---|---|---|
| **SHIPPER** | SILVEX DESIGN<br>330 5TH AVENUE<br>SUITE 808<br>NEW YORK  NY. 10001 | **RECEIVER** | RODEWAY INN<br>1365 WEST GRANT<br>TUCSON  AZ. 85745 |

| PIECES | WEIGHT | DESCRIPTION | PIECES | LENGTH | WIDTH | HEIGHT | DIM WT. | SERVICE REQUESTED |
|---|---|---|---|---|---|---|---|---|
| 68 | 3084 | EXHIBIT MATERIAL | 2 | 48 | 40 | 46 | 2092 | DEFERRED |
| | | | 1 | 49 | 51 | 46 | | |
| | | | 1 | 48 | 40 | 37 | | |
| | | | 1 | 50 | 48 | 18 | | |

| | | | | | DECLARED VALUE | $0.00 |
|---|---|---|---|---|---|---|
| 68 | 3084 | TOTALS | | | CHARGEABLE WEIGHT | 3084 |

| DESCRIPTION | AMOUNT |
|---|---|
| Freight Charges ($0.7500) | $2,313.00 |
| Dec Value | $0.00 |
| 2 Man Pickup | $75.00 |
| Lift Gate Pickup | $60.00 |
| Special Pickup | $70.00 |
| Waiting Time | $40.00 |
| Inside Pickup | $95.00 |
| Palletizing/Shrink Wrap | $125.00 |
| Special Delivery | $45.00 |
| Hotel Delivery | $25.00 |
| **TOTAL AMOUNT DUE:** | **$2,848.00** |

PAYOR:
SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK  NY. 10001

---

PLEASE RETURN BOTTOM PORTION WITH YOUR PAYMENT

---

PLEASE REMIT TO:

**QWEXPRESS**
a division of Quebecor World Logistics

13158 Collections Center Drive
Chicago, IL 60693
(877) 536-5526

SILV18355
BILL NUMBER
LEX317137

TOTAL AMOUNT DUE
$2,848.00

"This invoice is subject to Quebecor World's standard terms and conditions of sale or to the terms and conditions contained in a written agreement agreed to by both parties. Net terms are 15 days. Any past due balance will be subject to an interest rate not to exceed 1.5% per month, or as indicated in a written agreement between the parties. This statement does not supercede any written contractual terms of sale."

We accept Visa, MC and American Express

# EXHIBIT C

VICTIM MAY PHOTOCOPY FORM AS MANY TIMES AS NEEDED

| TYPE OF REPORT (X in Appropriate Box) | DATE OF CRIME | CASE NO. |
|---|---|---|
| ☐ BURGLARY<br>☐ ROBBERY<br>☐ THEFT FROM VEHICLE<br>☐ PURSE SNATCH<br>☐ STRONG ARM ROBBERY<br>☒ THEFT | 9/6/06 | 0609060238 |
| | VICTIM (FIRM IF BUSINESS)<br>SILVER DESIGNS | LOCATION OF OCCURRENCE<br>1365 W. GRANT #143 |
| | CRIME CLASSIFICATION<br>06.10 | OFFICER'S NAME, PR # AND TEAM<br>BROADWAY 35642 ODW |

**PLEASE PRINT** — LIST ADDITIONAL ITEMS TAKEN WITH AS COMPLETE A DESCRIPTION AS POSSIBLE. FOLD, SIGN, SEAL, AND DROP IN MAILBOX. USE BLACK INK.

**EXAMPLE**

| Type of Item | Brand Name or Bank Number | Model Number Acct./ Card No. | Serial No. or Check Numbers | Color and / or Caliber | Size and / or Style | Value |
|---|---|---|---|---|---|---|
| T.V. SET | SONY | DR 200 | 5100-3548 | BROWN CABINET | 25" COLOR | $550.00 |
| RIFLE | WEATHERBY | 700S | Z74386.21 | TAG SPECIAL .270 CAL. | SPORTER SEMI-AUTO | $345.00 |
| | | | | | TOTAL | $895.00 |

IF THE APPROPRIATE CATEGORIES ARE NOT AVAILABLE ON THIS FORM OR ADDITIONAL SPACE IS NECESSARY TO DESCRIBE AN ITEM, FEEL FREE TO USE TWO LINES.

| Type of Item | Brand Name or Bank Number | Model Number Acct / Card No. | Serial No. or Check Numbers | Color and / or Caliber | Size and / or Style | Value |
|---|---|---|---|---|---|---|
| 67648 gm | Sterling Earrings | .925 | | Asst | Asst | 52765.44 |
| 54656 gm | Sterling Bracelets | .925 | | " | " | 42631.68 |
| 100800 gm | Sterling Pendants | .925 | | " | " | 78624.00 |
| 11648 gm | Sterling Vermeil Jewelry | .925 | | Gold | " | 10483.20 |
| 37184 gm | Sterling Rings | .925 | | Asst | " | 29003.52 |
| 8064 gm | Sterling + Mystic Topaz | .925 | | | " | 10080.00 |
| 6272 gm | Sterling Blue Topaz | .925 | | Blue Stones | " | 7840.00 |
| 26432 gm | Sterling Beads + Findings | N/A | | Silver | " | 14537.60 |
| 4928 gm | Sterling & CZ Jewelry | .925 | | Silver | White CZs | 4188.80 |
| 79744 gms | Stone Beaded Jewelry w/ silver accents | | | | Asst | 62200.32 |
| 25984 gms | Sterling + Turquoise Jewelry | | | Blue & Silver | | 15590.40 |

MAKE SURE ALL BLANKS ARE FILLED OUT DESCRIBING PROPERTY

NOTE: If you come up with additional information that you believe will help solve the crime, please list the information below.

NOTICIA: Si usted halla información adicional que cree que nos asistira en resolver su caso, por favor escribela información debajo de este linea.

| | | | | | | |
|---|---|---|---|---|---|---|
| 9856 g | Sterling Jewelry w/ no stones (plain silver) | | | | | 4928.00 |
| | | | | | total | $332,872.96 |

ADDITIONAL SPACE PROVIDED ON BACK

PLEASE SIGN YOUR FULL NAME HERE: Athena Macy-Meier *(signed)* Athena Macy

TODAY'S DATE: 9-10-06

CITIZEN'S MAIL-IN
DEPARTMENTAL REPORT FORM

CITY OF TUCSON, ARIZONA - POLICE DEPARTMENT

TPD 1832 (08/00)                                                                 78-5-1832-7 (08/00)

Case No. 07-cv-03740-KMK-MDF

Brian Del Gatto
09945.00001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVEX DESIGNS, INC.,

       Plaintiff,

  -against-

FAST FLEET SYSTEMS, INC.,
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS, STATION OPERATOR
SYSTEMS, INC. INTEGRITY TRANSPORT, INC,
EDWARD EGAN and NICA INC.

       Defendants.

## SECOND AMENDED COMPLAINT

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For*   Defendants FAST FLEET SYSTEMS, INC., QUEBECOR WORLD LOGISTICS, INC., d//b/a Q.W EXPRESS, STATION OPERATOR SYSTEMS, INC., INTEGRITY TRANSPORT, INC., EDWARD EGAN and NICA, INC.

*Office & Post Office Address, Telephone*
177 Broad Street
Stamford, CT 06901
203-388-9100

89545.1