Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York 10006
Telephone:    212-669-0600
Facsimile:    212-669-0699


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
SILVEX DESIGNS, INC.,

            Plaintiff,                        **07-cv-03740-KMK-MDF**

    -against-

                                     **DEFENDANT QUEBECOR**
FAST FLEET SYSTEMS, INC., and        **WORLD LOGISTICS, INC.,**
QUEBECOR WORLD LOGISTICS, INC.,      **d/b/a/ Q.W. EXPRESS'**
d/b/a Q.W. EXPRESS,                **THIRD-PARTY COMPLAINT**

               Defendants,

    -against-

ONE BEACON INSURANCE COMPANY,
STATION OPERATOR SYSTEMS, INC.,
INTEGRITY TRANSPORT, INC.,
EDWARD EGAN, individually,
HICHAM JIRARI, individually,
JIRARI CORP., and
NICA, INC.,

               Third-Party Defendants.
--------------------------------------------------------X

       COMES NOW Defendant and Third-Party Plaintiff, QUEBECOR WORLD

LOGISTICS, INC. d/b/a Q.W. EXPRESS by and through its attorneys, HILL RIVKINS

& HAYDEN, LLP, as and for its Third Party Complaint against Third-Party Defendants,

STATION OPERATOR SYSTEMS, INC., INTEGRITY TRANSPORT, INC.,

EDWARD EGAN, individually, HICHAM JIRARI, individually, JIRARI CORP., and

NICA, INC., alleges upon information and belief as follows:

1.    At and during all relevant times herein, SILVEX DESIGNS, INC.,

("SILVEX") was and now is a corporation organized and existing by virtue of the laws of

New York, with an office and place of business located at 330 5th Ave., New York, New

York.

2.    At and during all relevant times herein, QUEBECOR WORLD

LOGISTICS, INC., d/b/a Q.W. EXPRESS ("QWE"), was and now is a corporation

organized and existing by virtue of the laws of Delaware, with an office and place of

business located at 1130 West Thorndale, Bensenville, Illinois.

3.    At and during all relevant times herein, FAST FLEET SYSTEMS, INC.

("FAST"), was and now is a corporation organized and existing by virtue of the laws of

New Jersey, with an office and place of business located at 475 Division Street,

Elizabeth, New Jersey.

4.    At and during all relevant times herein, STATION OPERATOR

SYSTEMS, INC. ("STATION") was and now is a corporation organized and existing by

virtue of the laws of New Jersey, with an office and place of business located at 475

Division Street, Elizabeth, New Jersey.

5.    At and during all relevant times herein, INTEGRITY TRANSPORT, INC.

("INTEGRITY") was and now is a corporation organized and existing by virtue of the

laws of New Jersey, with an office and place of business located at 475 Division Street,

Elizabeth, New Jersey.

6.    At and during all relevant times herein, EDWARD EGAN ("EGAN") was and is an individual residing at 7 Burnside Court, Cranford, New Jersey.

7.    At and during all relevant times herein, HICHAM JIRARI ("JIRARI") was and is an individual residing at 209 48th Street, Union City, New Jersey 07087.

8.    At and during all relevant times herein, JIRARI CORP. ("JCORP") was and is a corporation organized and existing by virtue of the laws of New Jersey, with an office and place of business located at 1218 73rd St., Floor 1, North Bergen, New Jersey 07087.

9.    At and during all relevant times herein, NICA, INC. ("NICA") was and now is a corporation organized and existing by virtue of the laws of Massachusetts, with an office and place of business located at 703 Granite Street, Suite 300, Braintree, Massachusetts.

10.    On or about May 21, 2007, Silvex, as plaintiff, commenced this action. Attached hereto as Exhibit 1 is a true and accurate copy of the Amended Complaint filed by plaintiff.

11.    On or about June 13, 2007, Defendant QWE filed its Amended Answer. A true and accurate copy of Defendant QWE's Amended Answer is attached hereto as Exhibit 2.

12.    On or about August 29, 2006, Plaintiff Silvex retained Defendant QWE to transport "exhibit materials" from New York City to Tucson, Arizona.

13.    In its Complaint, plaintiff alleges that Defendant QWE is liable for the alleged loss of its cargo ("subject shipment"), and that the extent of this loss was $332,872.96. *Amended Complaint*, ¶¶ 14, 15.

14.    However, Plaintiff's alleged cargo loss, which is denied, was in no way caused by or related to any act or omission of Defendant QWE.

15.    On or about August 29, 2006, Defendant Fast contracted with Third Party Defendants Station, Integrity, and Egan, to undertake the safe transport of the subject shipment from New York City to Newark International Airport.

16.    On or about August 29, 2006, Third Party Defendants Station, Integrity, and Egan contracted with Third Party Defendant NICA to undertake the safe transport of the subject shipment from New York City to Newark International Airport.

17.    On or about August 29, 2006, Third Party Defendant NICA contracted with or hired Third Party Defendant(s) Jirari and/or JCorp to undertake the safe transport of the subject shipment from New York city to Newark International Airport.

18.    Defendant Fast and/or Third Party Defendants Station, Integrity, Egan, NICA, Jirari, and JCorp were the only parties to ever come into physical contact with the subject shipment.  Accordingly, Defendant Fast and/or Third Party Defendants Station, Integrity, Egan, NICA, Jirari, and JCorp are liable for the alleged loss of plaintiff's cargo, which is denied.

19.    To the extent Plaintiff Silvex has suffered a loss, which is denied, and is entitled to recover damages from Defendant QWE arising out of the subject shipment, Defendant QWE is entitled to full indemnity and/or full contribution from Third-Party Defendants Station, Integrity, Egan, NICA, Jirari, and JCorp jointly and severally, if any are recovered, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Defendant QWE in defending against Plaintiff's action and/or recovering-over against Third-Party Defendants.

*W H E R E F O R E,* Defendant/Third-Party Plaintiff QWE demands judgment against the Third-Party Defendants Station, Integrity, Egan, NICA, Jirari, and JCorp as follows:

1.  For indemnification;

2.  For contribution;

3.  For attorneys fees; and,

4.  For such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        November 8, 2007

Hill Rivkins & Hayden LLP
Attorneys for Defendant
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS

By: _____
        Andrew R. Brown (AB-1644)
        Anthony J. Pruzinsky (AP-8534)

        45 Broadway – Suite 1500
        New York, New York  10006
        Telephone:    212-669-0600
        Facsimile:    212-669-0699

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SILVEX DESIGNS, INC.,                                    07-cv-03740-UA-MDF

       Plaintiff,

                                               **AMENDED COMPLAINT**

   -against-

FAST FLEET SYSTEMS, INC. and
QUEBECOR WORLD LOGISTICS, INC.
d/b/a Q.W. EXPRESS,

       Defendants.

-------------------------------------------------------X

      COMES NOW Plaintiff, SILVEX DESIGNS, INC. by and through its attorneys,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, for its claims and causes of

action against FAST FLEET SYSTEMS, INC. and QUEBECOR WORLD LOGISTICS, INC.

d/b/a Q.W. EXPRESS, alleges upon information and belief, as follows:

**PARTIES, JURISDICTION AND VENUE**

     1.     Jurisdiction is predicated upon 28 § U.S.C. § 1331, 28 § U.S.C. § 1332(a)(2) and

28 § U.S.C. § 1337 since the claim arises out of interstate transport of goods by motor carrier

pursuant to the Carmack Amendment, 49 U.S.C. § 14706 and since there is diversity of

citizenship between the parties and the Plaintiff's damages exceed $75,000.

     2.     Plaintiff, Silvex Designs, Inc. (hereinafter "Silvex"),  is a corporation organized

and existing by virtue the laws of New York in the United States, engaged in the business of

retail of silver jewelry, with a principal place of business located at 330 5th Avenue, New York,

New York.

     3.     Defendant, Quebecor World Logistics, Inc. d/b/a Q.W. Express (hereinafter

"Q.W. Express"), is a corporation organized and existing by virtue of the laws of Illinois in the

United States, engaged in business as a common carrier of goods, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois.

4    Defendant, Fast Fleet Systems, Inc., (hereinafter "Fast Fleet") is a corporation organized and existing by virtue of the laws of New Jersey in the United States, engaged in business as a common carrier of goods, with an office and place of business located at 407 Green Avenue, Brielle, New Jersey.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5.    Plaintiff, Silvex, is the received, consignee, owner and/or assured of the consignment hereinbelow described.  Plaintiff, Silvex, brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interest may ultimately appear, and Plaintiff is entitled to maintain this action.

6.    On or about August 29, 2006, Plaintiff, Silvex, retained Defendant, Q.W. Express, to transport a consignment of approximately 4009 pound of sterling silver jewelry, contained in 69 trunks, from Silvex's principle place of business in New York to Rodeway Inn, 1365 West Grant, Tucson, Arizona, the location of a trade show where Plaintiff intended to market the aforementioned jewelry, all in consideration of an agreed freight rate. (See copy of Bill of Lading attached hereto as Exhibit "A".)

7.    On or about August 29, 2006, Q.W. Express retained Defendant, Fast Fleet to transport the aforementioned jewelry all or part of the route from Plaintiff's principal place of business to the intended destination in Tucson, Arizona.

2

8.      On August 29, 2006, Fast Fleet picked up the aforementioned jewelry consignment from Plaintiff's principle place of business in good order and condition and weighing in total approximately 4009 pounds.

9.      The aforementioned consignment was transported by Fast Fleet from Plaintiff's principle place of business to a location in Newark, New Jersey, where the aforementioned consignment was consolidated with other goods prior to being transported to the intended destination in Tucson, Arizona.

10.     When the consignment arrived at Newark, New Jersey, it was weighed prior to consolidation and transport to the intended destination in Tucson, Arizona. The total weight of the jewelry consignment delivered by Fast Fleet to Newark, New Jersey was 3084 pounds. (See copy of Invoice from Q.W. Express dated September 19, 2006, Bill No. LEX3171137, attached hereto as Exhibit "B".)

11.     When the consignment arrived at its intended destination in Tucson, Arizona on September 6, 2006, it was ascertained that approximately 925 pound of jewelry, approximately half the content of jewelry in each trunk, were missing. (See copy of City of Tucson, Arizona Police Report, Case No. 0609060238, dated September 6, 2006, attached hereto as Exhibit "C".)

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS

## NEGLIGENCE

12.     Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

13.    Defendant, Q.W. Express, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

14.    The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but, to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Q.W. Express.

15.    By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on numerous occasions beginning on September 6, 2006.

WHEREFORE, Plaintiff prays:

16.    That process in due form of law may issue against the Defendant, Q.W. Express, citing it to appear and answer all and singular the matters aforesaid;

17.    That judgment may be entered in favor of Plaintiff against the Defendant, Q.W. Express, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action,; and

18.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

## COUNT II

## NEGLIGENCE OF FAST FLEET, INC.

## NEGLIGENCE

19.    Plaintiff, Silvex, hereby incorporates all of the previous allegations as set forth herein.

4

20.    Defendant, Fast Fleet, failed to deliver the consignment to the plaintiff at the designated point of delivery in the same good order and condition as when received by it in New York, New York.

21.    The damage sustained to the aforementioned consignment of jewelry did not result from any act or omission on the part of Plaintiff, Silvex, but to the contrary, was the result in whole or in part, of the negligence and or fault of Defendant, Fast Fleet.

22.    By reason of the foregoing, Plaintiff has damages in a total amount of no less than $332.872.96, as nearly as presently can be determined, no amount of which has been paid, although duly demanded on multiple occasions, beginning on December 13, 2006.

WHEREFORE, Plaintiff prays:

23.    That process in due form of law may issue against the Defendant, Fast Fleet, citing it to appear and answer all and singular the matters aforesaid;

24.    That judgment may be entered in favor of Plaintiff against the Defendant, Fast Fleet, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action,; and

25.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

26.    Plaintiff hereby demands a TRIAL BY JURY pursuant to Fed. R. Civ. P. Rule 38.

Dated: White Plains, New York
       May 21, 2007

75896.1

THE PLAINTIFF,
SILVEX DESIGNS, INC.

By _____

Brian Del Gatto BD 7759
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Our File No.: 09945.00001

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing was sent via U.S. Mail, postage prepaid, on the 21st day of May, 2007 to the following:

**_Defendant, Fast Fleet Systems, Inc._**
Fast Fleet Systems, Inc.
407 Green Avenue
Brielle, NJ 08730

**_Defendant, Quebecor World Logistics, Inc._**
**_d/b/a Q.W.Express_**
Quebecor World Logistics, Inc.
1130 West Thorndale
Bensenville, IL 60106

Brian Del Gatto BD 7759

7

75896.1

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                               ) ss.:

COUNTY OF WESTCHESTER    )

       Ileana Cordova, being duly sworn, deposes and says: that deponent is not a party to this action, is over the age of 18 years and resides in Westchester County, New York.  On the 21st day of May, 2007, deponent served the **NOTICE OF AMENDED COMPLAINT AND AMENDED COMPLAINT** upon:

TO:    ***Defendant, Fast Fleet Systems, Inc.***
        Fast Fleet Systems, Inc.
        407 Green Avenue
        Brielle, NJ 08730

        ***Defendant, Quebecor World Logistics, Inc. d/b/a Q.W.Express***
        Quebecor World Logistics, Inc.
        1130 West Thorndale
        Bensenville, IL 60106

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                           _Ileana Cordova_ (signature)
                                         Ileana Cordova

Sworn to before me this
21st day of May, 2007

_____
Notary Public

GLADYS CAMPBELL
Notary Public, State of New York
No. 01CA4698890
Qualified in Bronx County
Commission Expires Sept. 30, 2069

75923.1

Docket No. 07-cv-03740-UA-MDF

**Brian Del Gatto**
09945.00001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SILVEX DESIGNS, INC.,**

                    **Plaintiff,**


**FAST FLEET SYSTEMS, INC. and, QUEBECOR WORLD**
**LOGISTICS, INC. d/b/a Q.W EXPRESS,**

                    **Defendants.**


**AMENDED COMPLAINT**


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For*  **SILVEX DESIGNS, INC.**

*Office & Post Office Address, Telephone*
3 Gannett Drive
White Plains, NY 10604
914-323-7000

# EXHIBIT

# A

08/23/2006     15:13     859 253 9137 → 12127601173                    NO.553    P02

# Q. W. Express
## P.O. BOX 940

### BENSENVILLE, IL. 60106
Phone: 877-732-8738  FAX: 847-952-4904

## Bill of Lading

| | |
|---|---|
| Date: 08/29/2006 | Bill Number: LEX317137 |
| Payor: CRPO | Origin: EWR    Dest: TUS |

**Shipper Reference**                    **Receiver Reference** GLW / BTH # EC22-35

SILVEX DESIGN                            RODEWAY INN
330 5TH AVENUE                           1365 WEST GRANT
SUITE 808
NEW YORK  NY. 10001                      TUCSON  AZ. 85745
ATHENA MACY-MEIER                        SILVEX IMAGES

| Pieces | Weight | Description | Pcs | L | W | H | DimWt | Service Requested |
|---|---|---|---|---|---|---|---|---|
| 69 | 0 | EXHIBIT MATERIAL | | | | | 0 | DEFERRED |
| 69 | 0 | Totals | | | Chargeable Weight 0 | | | COD:  $0.00  Declared Value:  $0.00 |

Delivery Remarks: MUST DELIVER ON 09/06/06 @ 9 AM GLW / SILVEX IMAGES / BTH # EC22-35

Customer

SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK  NY. 10001
FAX: 212 760-1173

Shipper's (Name, Date and Time)                    Received by (Name, Date and Time)

# EXHIBIT

# B

VICTIM MAY PHOTOCOPY FORM AS MANY TIMES AS NEEDED

| TYPE OF REPORT (X in Appropriate Box) | DATE OF CRIME 9/6/06 | CASE NO. 0609060238 |
|---|---|---|
| ☐ BURGLARY ☐ ROBBERY ☐ THEFT FROM VEHICLE ☐ PURSE SNATCH ☐ STRONG ARM ROBBERY ☒ THEFT | VICTIM (FIRM IF BUSINESS) Silver Designs | LOCATION OF OCCURRENCE 1365 W. Grant #143 |
| | CRIME CLASSIFICATION 06.16 | OFFICER'S NAME, PR # AND TEAM Broadway 35642 ODW |

## PLEASE PRINT

**LIST ADDITIONAL ITEMS TAKEN WITH AS COMPLETE A DESCRIPTION AS POSSIBLE. FOLD, SIGN, SEAL, AND DROP IN MAILBOX.' USE BLACK INK.**

### EXAMPLE

| Type of Item | Brand Name or Bank Number | Model Number Acct / Card No. | Serial No. or Check Numbers | Color and / or Caliber | Size and / or Style | Value |
|---|---|---|---|---|---|---|
| T.V. SET | Sony | DR200 | S100 (illegible) | Black Cabinet 25" color | 25" color | $550.00 |
| RIFLE | Remington | 700 | 77N38621 | (illegible) | | $325.00 |

IF THE APPROPRIATE CATEGORIES ARE NOT AVAILABLE ON THIS FORM OR ADDITIONAL SPACE IS NECESSARY TO DESCRIBE AN ITEM, FEEL FREE TO USE TWO LINES.

| Type of Item | Brand Name or Bank Number | Model Number Acct / Card No. | Serial No. or Check Numbers | Color and / or Caliber | Size and / or Style | Value |
|---|---|---|---|---|---|---|
| 67148gm Sterling Earrings | | | .925 | Asst | Asst | 52765.44 |
| 54656gm Sterling Bracelets | | | .925 | " | " | 42631.68 |
| 1,00800gm Sterling Pendants | | | .925 | " | " | 78624.00 |
| 11648gm Sterling Vermeil Jewelry | | | .925 | Gold | " | 10483.20 |
| 37184gm Sterling Rings | | | .925 | Asst | " | 29003.52 |
| 8064gm Sterling+Mystic topaz | | | .925 | " | " | 10080.00 |
| 6272gm Sterling Blue Topaz | | | .925 | Blue Stones " | 7840.00 |
| 26432gm Sterling Beads+findings N/A | | | | Silver | " | 14537.60 |
| 4928gm Sterling & CZ Jewelry | | | .925 | Silver | White CZs | 4188.80 |
| 79744gms Stone Beaded Jewelry w/ silver accents | | | | Asst | 62200.32 |
| 25984 gms Sterling + Turquoise Jewelry | | | Blue & Silver | | 15590.40 |

MAKE SURE ALL BLANKS ARE FILLED OUT DESCRIBING PROPERTY

**NOTE:** If you come up with additional information that you believe will help solve the crime, please list the information below.

**NOTICIA:** Si usted halla información adicional que cree que nos asistirá en resolver su caso, por favor escríbela información debajo de este linea.

9856g   Sterling Jewelry w/ no stones (plain silver)   4928.00

Total $332,872.96

PLEASE SIGN YOUR FULL NAME HERE: Athena Macy-Meier  *Athena Macy*

TODAY'S DATE 9-10-06

CITIZEN'S MAIL-IN
DEPARTMENTAL REPORT FORM

**CITY OF TUCSON, ARIZONA - POLICE DEPARTMENT**

TPD 1832 (08/00)                                          78-5-1832-7 (08/00)

# EXHIBIT

# C



| DATE | BILL NUMBER |
|------|-------------|
| 08/29/2006 | LEX317137 |

| PAYOR | ORIGIN | DESTINATION |
|-------|--------|-------------|
| CRPD | EWR | TUS |

QWE Invoice Date

SEP 19 2006

13158 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693
(877) 536-5526

**SHIPPER REFERENCE**

SHIPPER:
SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK NY. 10001

RECEIVER:
RODEWAY INN
1365 WEST GRANT
TUCSON AZ. 85745

RECEIVER REFERENCE GLW / BTH # EC22

| PIECES | WEIGHT | DESCRIPTION | PIECES | LENGTH | WIDTH | HEIGHT | DIM WT. | SERVICE REQUESTED |
|--------|--------|-------------|--------|--------|-------|--------|---------|-------------------|
| 68 | 3084 | EXHIBIT MATERIAL | 2 | 48 | 40 | 46 | 2092 | DEFERRED |
| | | | 1 | 49 | 51 | 46 | | |
| | | | 1 | 48 | 40 | 37 | | |
| | | | 1 | 50 | 48 | 18 | | |

| | DECLARED VALUE | $0.00 |
|---|---|---|
| **TOTALS** 68  3084 | CHARGEABLE WEIGHT | 3084 |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Freight Charges ($0.7500) | $2,313.00 |
| Dec Value | $0.00 |
| 2 Man Pickup | $75.00 |
| Lift Gate Pickup | $60.00 |
| Special Pickup | $70.00 |
| Waiting Time | $40.00 |
| Inside Pickup | $95.00 |
| Palletizing/Shrink Wrap | $125.00 |
| Special Delivery | $45.00 |
| Hotel Delivery | $25.00 |

PAYOR:
SILVEX DESIGN
330 5TH AVENUE
SUITE 808
NEW YORK NY. 10001

| TOTAL AMOUNT DUE: | $2,848.00 |
|---|---|

## PLEASE RETURN BOTTOM PORTION WITH YOUR PAYMENT

SILV18355

| BILL NUMBER |
|---|
| LEX317137 |

### PLEASE REMIT TO:

**QWEXPRESS**

a division of Quebecor World Logistics

13158 Collections Center Drive
Chicago, IL 60693
(877) 536-5526

| TOTAL AMOUNT DUE |
|---|
| $2,848.00 |

This invoice is subject to Quebecor World's standard terms and conditions of sale or to the terms and conditions contained in a written agreement agreed to by both parties. Net terms are 15 days. Any past due balance will be subject to an interest rate not to exceed 1.5% per month, or as indicated in a written agreement between the parties. This statement does not supercede any written contractual terms of sale.

We accept Visa, MC and American Express

*Exhibit 2*

Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York 10006
Telephone:    212-669-0600
Facsimile:    212-669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SILVEX DESIGNS, INC.,

        Plaintiff,

     -against-

FAST FLEET SYSTEMS, INC., and
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS,

        Defendants.
-------------------------------------------------------X

**07-cv-03740-UA-MDF**

**AMENDED ANSWER OF
DEFENDANT QUEBECOR
WORLD LOGISTICS, INC., TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and through its attorneys Hill Rivkins & Hayden LLP, as and for its Amended Answer to the Amended Complaint of Plaintiff Silvex Designs, Inc. ("Silvex") hereby responds as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Defendant QWE denies the allegations set forth in paragraph 1 of the Amended Complaint.

2.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.      Defendant QWE admits that it is a corporation organized and existing by virtue of the laws of Delaware, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois.  Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 3 of the Amended Complaint.

4.      Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5.      Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.      Defendant QWE admits that on or about August 29, 2006, Plaintiff Silvex retained Defendant QWE to arrange for the transportation of a consignment said to contain exhibit materials from New York to Tucson, Arizona.  Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 6 of Amended Complaint.

7.      Defendant QWE admits that on or about August 29, 2006, QWE retained Defendant Fast Fleet Systems, Inc., to transport a consignment said to contain exhibit materials from plaintiff's place of business in New York, to Newark Liberty International Airport.  Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 7 of the Amended Complaint.

8.      Defendant QWE denies the allegations set forth in paragraph 8 of the Amended Complaint.

2

9.    Defendant QWE denies the allegations set forth in paragraph 9 of the Amended Complaint.

10.    Defendant QWE denies the allegations set forth in paragraph 10 of the Amended Complaint.

11.    Defendant QWE denies the allegations set forth in paragraph 11 of the Amended Complaint.

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a/ Q.W. EXPRESS

### NEGLIGENCE

12.    Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 11 of the Amended Complaint as if set forth herein at length.

13.    Defendant QWE denies the allegations set forth in paragraph 13 of the Amended Complaint.

14.    Defendant QWE denies the allegations set forth in paragraph 14 of the Amended Complaint.

15.    Defendant QWE denies the allegations set forth in paragraph 15 of the Amended Complaint.

16.    Defendant QWE denies the allegations set forth in paragraph 16 of the Amended Complaint.

17.    Defendant QWE denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.    Defendant QWE denies the allegations set forth in paragraph 18 of the Amended Complaint.

## COUNT II

## NEGLIGENCE OF FAST FLEET, INC.

### NEGLIGENCE

19.    Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 18 of the Amended Complaint as if set forth herein at length.

20.    Defendant QWE denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.    Defendant QWE denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.    Defendant QWE denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.    Defendant QWE denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.    Defendant QWE denies the allegations set forth in paragraph 24 of the Amended Complaint.

4

25.    Defendant QWE denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.    Defendant QWE denies the allegations set forth in paragraph 26 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

27.    Plaintiff fails to state a claim, in whole or part, upon which relief can be granted against Defendant QWE.

## SECOND AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred by the applicable statue of limitations and/or the doctrine of laches and the Amended Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

29.    Plaintiff is not the real party in interest and/or the proper party to assert the claim.

## FOURTH AFFIRMATIVE DEFENSE

30.    The Plaintiff has failed to mitigate its alleged loss.

## FIFTH AFFIRMATIVE DEFENSE

31.    The shipment described in plaintiff's Amended Complaint is subject to all the terms, conditions, and exceptions contained in certain bills of lading and/or air waybills then and

there issued, by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

## SIXTH AFFIRMATIVE DEFENSE

32.    Plaintiff has failed to aver facts necessary to establish that Defendant QWE breached a duty that resulted in plaintiff sustaining damages.

## SEVENTH AFFIRMATIVE DEFENSE

33.    To the extent that the Plaintiff suffered any loss or damage as alleged in the Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody, or control of Defendant QWE.

## EIGHTH AFFIRMATIVE DEFENSE

34.    Any loss or damage to the shipment as alleged in the Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendant QWE.

## NINTH AFFIRMATIVE DEFENSE

35.    Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant QWE has and had no control and for whose conduct Defendant QWE has and had no responsibility.

## TENTH AFFIRMATIVE DEFENSE

36.     If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by the Plaintiff or others acting on Plaintiff's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

37.     The plaintiff has failed to join one or more indispensable parties to the suit.

## TWELFTH AFFIRMATIVE DEFENSE

38.     The damages alleged in the Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.     Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; the plaintiff's lawsuit is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

40.     The amount of Defendant QWE's liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## FIFTEENTH AFFIRMATIVE DEFENSE

41.    To the extent applicable, plaintiff's state law claims, as found in the Amended Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

42.    To the extent plaintiff's damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether Defendant QWE had knowledge that such damages might be incurred, Defendant QWE is not liable, in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

43.    The jurisdiction and venue where the plaintiff commenced this suit is invalid; the relevant terms and conditions governing this transportation agreement state that the only jurisdiction and venue where this action can be commenced and advanced is in Illinois.

## EIGHTEENTH AFFIRMATIVE DEFENSE

44.    Plaintiff's cargo was not permitted for shipment, as stated by the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of

lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiff's lawsuit is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

45.     Defendant QWE was not properly served with the plaintiff's Summons, Complaint, and/or Amended Complaint; this Court has no personal jurisdiction over Defendant QWE.

## TWENTIETH AFFIRMATIVE DEFENSE

46.     Defendant QWE reserves its rights to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

**W H E R E F O R E**, Defendant QWE prays that plaintiff's Amended Complaint be dismissed and that Defendant QWE be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        June 13, 2007

                        Hill Rivkins & Hayden LLP
                        Attorneys for Defendant
                        QUEBECOR WORLD LOGISTICS, INC.,
                        d/b/a Q.W. EXPRESS


                By:  _Andrew R. Brown_____
                        Andrew R. Brown (AB-1644)
                        Anthony J. Pruzinsky (AP-8534)

                        45 Broadway – Suite 1500
                        New York, New York  10006
                        Telephone:    212-669-0600
                        Facsimile:    212-669-0699

10