Anthony J. Belkowski AB2676
**HEDINGER & LAWLESS**
110 Wall Street, 11th Floor
New York, New York 10005-3817
Tel:  (212) 759-8203
Fax:  (212) 751-2984

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SILVEX DESIGNS, INC,** | : |
| Plaintiff, | : |
| -against- | : Case No.  07-cv-03740-DC-DFE |
| **FAST FLEET SYSTEMS, INC.,** <br> **QUEBECOR WORLD LOGISTICS, INC.,** <br> **d/b/a Q.W. EXPRESS, STATION** <br> **OPERATOR SYSTEMS, INC., INTEGRITY** <br> **TRANSPORT, INC., EDWARD EGAN,** <br> **individually, NICA, INC., JIRARI CORP.,** <br> **and HICHAM JIRARI, individually,** | : <br> : <br> : <br> : |
| Defendants, | : **ANSWER TO PLAINTIFF'S THIRD** <br> **AMENDED COMPLAINT,** <br> **COUNTERCLAIM, CROSS-** <br> **CLAIMS AND THIRD PARTY** <br> **COMPLAINT OF DEFENDANT,** <br> **FAST FLEET SYSTEMS, INC.** |
| **FAST FLEET SYSTEMS, INC.,** | : |
| Third-Party Plaintiff, | : |
| -against- | : |
| **ONE BEACON INSURANCE COMPANY,** <br> **NICA, INC., JIRARI CORP., and HICHAM** <br> **JIRARI, individually,** | : <br> : |
| Third-Party Defendants. | : |

*LAW OFFICE OF*
*HEDINGER*
*&*
*LAWLESS*

Defendant, Fast Fleet Systems, Inc. ("Fast Fleet"), by and through its attorneys

Hedinger & Lawless, as and for its Answer to the Third Amended Complaint of plaintiff,

Silvex Designs, Inc. ("Silvex"), with Counterclaim, Cross-Claim and Third-Party

Complaint, hereby responds as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendant Fast Fleet denies the allegations set forth in paragraph 1 of the Third Amended Complaint.

2.      Defendant Fast Fleet denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Third Amended Complaint.

3.      Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Third Amended Complaint.

4.      Defendant Fast Fleet admits that it is a corporation organized and existing by virtue of the laws of New Jersey, with an office and place of business located at 407 Green Avenue, Brielle, New Jersey.  Except as otherwise specifically admitted, defendant Fast Fleet denies the remaining allegations of paragraph 4 of the Third Amended Complaint.

5.      Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Amended Complaint.

6.      Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third Amended Complaint.

7.      Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Amended Complaint.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                                2

8.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Amended Complaint.

9.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Amended Complaint.

10.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third Amended Complaint.

## GENERAL ALLEGATIONS COMMMON TO ALL COUNTS

11.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Third Amended Complaint.

12.    Defendant Fast Fleet admits that on or about August 29, 2006, plaintiff Silvex, retained defendant QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS, ("QWE") to arrange for the transportation of a consignment said to contain exhibit materials from New York to Tucson, Arizona.  Except as otherwise specifically admitted, defendant Fast Fleet denies the remaining allegations set forth in paragraph 12 of the Third Amended Complaint.

13.    Defendant Fast Fleet admits that on or about August 29, 2006, QWE retained Defendant Fast Fleet Systems, Inc., as their agent, to transport a consignment said to contain exhibit materials from plaintiff's place of business in New York to Newark Liberty International Airport.  Except as otherwise specifically admitted,

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                     3

defendant Fast Fleet denies the remaining allegations set forth in paragraph 13 of the Third Amended Complaint.

14.    Plaintiff Silvex is pleading the terms of a written agreement which speaks for itself and, except as expressly set forth therein, the allegations set forth in paragraph 14 of the Third Amended Complaint are denied.

15.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third Amended Complaint.

16.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Amended Complaint.

17.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Amended Complaint.

18.    Defendant Fast Fleet denies the allegations set forth in paragraph 18 of the Third Amended Complaint insofar as they are pleaded against Defendant Fast Fleet. Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 18 of the Third Amended Complaint.

19.    Defendant Fast Fleet denies the allegations set forth in paragraph 19 of the Third Amended Complaint insofar as they are pleaded against Defendant Fast Fleet. Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to

4156/3917gs                    4

the truth of the remainder of the allegations set forth in paragraph 19 of the Third Amended Complaint.

20.    Defendant Fast Fleet denies the allegations set forth in paragraph 20 of the Third Amended Complaint insofar as they are pleaded against Defendant Fast Fleet. Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 20 of the Third Amended Complaint.

21.    Defendant Fast Fleet denies the allegations set forth in paragraph 21 of the Third Amended Complaint.

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS

22.    Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 21 of the Third Amended Complaint as if set forth herein at length.

23.    Defendant Fast Fleet denies the allegations set forth in paragraph 23 of the Third Amended Complaint.

24.    Defendant Fast Fleet denies the allegations set forth in paragraph 24 of the Third Amended Complaint.

25.    Defendant Fast Fleet denies the allegations set forth in paragraph 25 of the Third Amended Complaint.

26.    Defendant Fast Fleet denies the allegations set forth in paragraph 26 of the Third Amended Complaint.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                              5

27.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

28.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

29.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

## COUNT II

## FAST FLEET SYSTEMS, INC.

30.    Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 29 of the Third Amended Complaint as if set forth herein at length.

31.    Defendant Fast Fleet denies the allegations set forth in paragraph 31 of the Third Amended Complaint.

32.    Defendant Fast Fleet denies the allegations set forth in paragraph 32 of the Third Amended Complaint.

33.    Defendant Fast Fleet denies the allegations set forth in paragraph 33 of the Third Amended Complaint.

34.    Defendant Fast Fleet denies the allegations set forth in paragraph 34 of the Third Amended Complaint.

35.    Defendant Fast Fleet denies the allegations set forth in paragraph 35 of the Third Amended Complaint.

*LAW OFFICE OF*
*HEDINGER*
*&*
*LAWLESS*

4156/3917gs                    6

36.    Defendant Fast Fleet denies the allegations set forth in paragraph 36 of the Third Amended Complaint.

37.    Defendant Fast Fleet denies the allegations set forth in paragraph 37 of the Third Amended Complaint.

## COUNT III

## STATION OPERATOR SYSTEMS, INC.

38.    Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 37 of the Third Amended Complaint as if set forth herein at length.

39.    Defendant Fast Fleet denies the allegations set forth in paragraph 39 of the Third Amended Complaint.

40.    Defendant Fast Fleet denies the allegations set forth in paragraph 40 of the Third Amended Complaint.

41.    Defendant Fast Fleet denies the allegations set forth in paragraph 41 of the Third Amended Complaint.

42.    Defendant Fast Fleet denies the allegations set forth in paragraph 42 of the Third Amended Complaint.

43.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

44.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

*LAW OFFICE OF*
*HEDINGER*
*&*
*LAWLESS*

4156/3917gs                    7

45.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

## COUNT IV

## INTEGRITY TRANSPORT, INC.

46.    Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 45 of the Third Amended Complaint as if set forth herein at length.

47.    Defendant Fast Fleet denies the allegations set forth in paragraph 47 of the Third Amended Complaint.

48.    Defendant Fast Fleet denies the allegations set forth in paragraph 48 of the Third Amended Complaint.

49.    Defendant Fast Fleet denies the allegations set forth in paragraph 49 of the Third Amended Complaint.

50.    Defendant Fast Fleet denies the allegations set forth in paragraph 50 of the Third Amended Complaint.

51.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

52.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

53.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                    8

## COUNT V

### EDWARD EGAN

54.    Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 53 of the Third Amended Complaint as if set forth herein at length.

55.    Defendant Fast Fleet denies the allegations set forth in paragraph 55 of the Third Amended Complaint.

56.    Defendant Fast Fleet denies the allegations set forth in paragraph 56 of the Third Amended Complaint.

57.    Defendant Fast Fleet denies the allegations set forth in paragraph 57 of the Third Amended Complaint.

58.    Defendant Fast Fleet denies the allegations set forth in paragraph 58 of the Third Amended Complaint.

59.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

60.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

61.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                    9

## COUNT VI

## NICA, INC.

62.    Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 61 of the Third Amended Complaint as if set forth herein at length.

63.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Third Amended Complaint.

64.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third Amended Complaint.

65.    Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Third Amended Complaint.

66.    Defendant Fast Fleet denies the allegations set forth in paragraph 66 of the Third Amended Complaint.

67.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

68.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

69.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                                             10

70.     As plaintiff is pleading a legal conclusion and not facts, defendant Fast Fleet makes no response to same.

## COUNT VII

## JIRARI CORP.

71.     Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 70 of the Third Amended Complaint as if set forth herein at length.

72.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Third Amended Complaint.

73.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Third Amended Complaint.

74.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Third Amended Complaint.

75.     Defendant Fast Fleet denies the allegations set forth in paragraph 75 of the Third Amended Complaint.

76.     Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

77.     Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                                    11

78.     Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

79.     As plaintiff is pleading a legal conclusion and not facts, defendant Fast Fleet makes no response to same.

**COUNT VIII**

**HICHAM JIRARI**

80.     Defendant Fast Fleet repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 79 of the Third Amended Complaint as if set forth herein at length.

81.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Third Amended Complaint.

82.     Defendant Fast Fleet denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Third Amended Complaint.

83.     Defendant Fast Fleet denies the allegations set forth in paragraph 83 of the Third Amended Complaint.

84.     Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

85.     Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                    12

86.    Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, defendant Fast Fleet makes no response to same.

87.    As plaintiff is pleading a legal conclusion and not facts, defendant Fast Fleet makes no response to same.

### FIRST AFFIRMATIVE DEFENSE

88.    Plaintiff fails to state a claim, in whole or part, upon which relief can be granted against Defendant Fast Fleet.

### SECOND AFFIRMATIVE DEFENSE

89.    Plaintiffs claims are barred by the applicable statute of limitations and/or the doctrine of laches and the "unclean hands" doctrine and the Third Amended Complaint should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

90.    Plaintiff is not the real party in interest and/or the proper party to assert the claim.

### FOURTH AFFIRMATIVE DEFENSE

91.    The plaintiff has failed to mitigate its alleged loss.

### FIFTH AFFIRMATIVE DEFENSE

92.    The shipment described in plaintiff's Third Amended Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading and/or air waybills then and there issued, by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

4156/3917gs                                    13

## SIXTH AFFIRMATIVE DEFENSE

93.    Plaintiff has failed to aver facts necessary to establish that Defendant Fast Fleet breached a duty that resulted in plaintiff sustaining damages.

## SEVENTH AFFIRMATIVE DEFENSE

94.    To the extent that the plaintiff suffered any loss or damage as alleged in the Third Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody, or control of Defendant, Fast Fleet.

## EIGHTH AFFIRMATIVE DEFENSE

95.    Any loss or damage to the shipment as alleged in the Third Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendant Fast Fleet.

## NINTH AFFIRMATIVE DEFENSE

96.    Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions or breaches by other third parties, persons or entities over which Defendant Fast Fleet has and had no control and for whose conduct Defendant

## TENTH AFFIRMATIVE DEFENSE

97.    If any shortage and/or damage and/or loss sustained by the shipment referred to in the Third Amended Complaint, which is denied, such storage, and/or damage, and/or loss was caused by or contributed to by the plaintiff or others acting on plaintiff's behalf.

LAW OFFICE OF
*HEDINGER*
*&*
*LAWLESS*

## ELEVENTH AFFIRMATIVE DEFENSE

98.    The plaintiff has failed to join one or more indispensable parties to the suit.

## TWELFTH AFFIRMATIVE DEFENSE

99.    The damages alleged in the Third Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity.

## THIRTEENTH AFFIRMATIVE DEFENSE

100.    Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties, and/or classifications in effect, the plaintiffs lawsuit is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

101.    The amount of Defendant Fast Fleet's liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## FIFTEENTH AFFIRMATIVE DEFENSE

102.    To the extent applicable, plaintiff's state law claims, as found in the Third Amended Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act, which said act provides certain duties and obligations applicable to

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

4156/3917gs                        15

plaintiff which plaintiff has failed to observe or comply with prior to instituting this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

103.    To the extent plaintiffs damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether Defendant Fast Fleet had knowledge that such damages might be incurred, Defendant Fast Fleet is not liable, in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

104.    The jurisdiction and venue where the plaintiff commenced this suit is invalid; the relevant terms and conditions governing this transportation agreement state that the only jurisdiction and venue where this action can be commenced and advanced is in New Jersey.

## EIGHTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiffs cargo was not permitted for shipment, as stated by the standard terms and conditions of the applicable waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiffs lawsuit is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

106.    Defendant Fast Fleet was not properly provided with notice of claim as required by federal statutes as a condition precedent to bringing this action.

4156/3917gs                                   16

LAW OFFICE OF
HEDINGER
&
LAWLESS

### TWENTIETH AFFIRMATIVE DEFENSE

107.    Defendant Fast Fleet reserves its right to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

### TWENTY FIRST AFFIRMATIVE DEFENSE

108.    To the extent plaintiff's claims are based upon contract, there was no privity of contract between Fast Fleet Systems, Inc. and plaintiff and any such claim is barred by the Statute of Frauds. The Fast Fleet tariff and terms and conditions of carriage with QW Express, expressly limited Fast Fleet's liability to $.50 per pound for any part of the shipment lost, stolen or damaged, unless QW Express made prior arrangements in writing to secure excess valuations coverage.

### AS AND FOR A FIRST COUNTERCLAIM

109.    Fast Fleet repeats and realleges paragraphs 1 through 108 of its Answer to the Third Amended Complaint as if more fully set forth herein.

110.    Upon information and belief, on or about August 29, 2006 plaintiff did knowingly and fraudulently induce defendant QW Express to accept for shipment some 68 trunks wrongly identified as "Exhibit Material" for shipment to a trade show in Arizona.

111.    On or about the same date, QW Express dispatched Fast Fleet, as its local agent, to pickup said "Exhibit Material" from plaintiff and cause it to be forwarded on via an alternative air carrier to Arizona.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                    17

112.    If its allegations are true, plaintiff knew or should have known that the shipment in question consisted of approximately $1,500,000.00 in assorted silver jewelry, not merely "Exhibit Material." Plaintiff's counsel has admitted that the true nature of the goods shipped was intentionally misidentified.

113.    Plaintiff knew or should have known that virtually every transportation company and motor cargo insurance company will refuse to handle or insure shipments of jewelry. If such jewelry shipments are handled there is a substantial fee for declared value coverage. Fast Fleet's own cargo liability insurance was limited to $25,000.00 per shipment and would not have covered silver jewelry. Fast Fleet's tariff provides for an additional fee of $.50 per every $100.00 of declared value of any shipment it handles. If the plaintiff's shipment was a covered commodity (which it was not) Fast Fleet would have charged QW Express $7,500.00 declared value fee to handle such a shipment and obtained a special endorsement from its insurer prior to handling any such shipment. Plaintiff chose a declared value of $0, for goods it now claims were worth $1,500,000.00

114.    Plaintiff knew or should have known that if it declared the true value of its shipment, they would have been subject to substantial additional charges from QW Express. In order to avoid those excess value changes, plaintiff wrongfully and fraudulently claimed that it was shipping "Exhibit Material" with zero declared value rather than the true commodity of silver jewelry with a claimed value of approximately $1,500,000.00. As a result of this "shipper fraud," Fast fleet was wrongfully deprived of its insurance coverage, wrongfully deprived of any opportunity to charge additional fees necessary to handle such high value shipments, and deprived of a legal defense to this action by its insurer.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                                18

### AS AND FOR A SECOND COUNTERCLAIM

115.    Fast Fleet repeats and realleges paragraphs 1 through 114 of its Answer to the Third Amended Complaint as if more fully set forth herein.

116.    Upon information and belief, plaintiff knows or should know that the claims against Fast Fleet are without legal or factual basis and are frivolous in nature and made in bad faith.

117.    Upon information and belief, plaintiff has brought this action fraudulently and/or solely to harass and intimidate Fast Fleet without legal justification or support. As a result of plaintiff's wrongful action in bringing and maintaining this suit, Fast Fleet has suffered and incurred expenses and losses it would not otherwise have incurred.

**WHEREFORE**, Defendant Fast Fleet prays that plaintiff's Third Amended Complaint be dismissed and that defendant Fast Fleet be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and punitive damages on the First and Second Counterclaim.

### AS AND FOR A CROSS-CLAIM AGAINST QW EXPRESS

### FIRST COUNT INDEMNIFICATION

118.    Fast Fleet repeats and realleges paragraphs 1 through 117 of its Answer to the Third Amended Complaint as if more fully set forth herein.

119.    At all times, Fast Fleet acted as QW Express' agent in connection with the plaintiff's shipment. The pickup and transfer of the shipment was performed on QW Express' paperwork, in their name, place and stead. QW Express relies upon agents to perform essential transportation services which taken as a whole constitute a single business enterprise. Fast Fleet performed all services at the direction and request of QW

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                                        19

Express, without any negligence, nor causing any loss or damage to plaintiff's shipment, in a reasonable and professional manner.

120.    Upon information and belief, QW Express maintains a motor cargo insurance policy covering its employees, agents and contractors who all act in concert to form a single business enterprise. Fast Fleet is covered "insured" in connection with plaintiff's shipment and entitled to the benefits of legal defense and indemnification provided by said insurance policy as a third-party beneficiary of such insurance coverage.

**WHEREFORE,** Defendant Fast Fleet prays that for judgment against defendant, QW Express, compelling QW Express and/or its insurer to defend, indemnify and hold Fast Fleet harmless from plaintiff's claims in this action; and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages on the First Count of the Cross-Claim.

## SECOND COUNT DECLARATORY JUDGMENT

121.    Fast Fleet repeats and realleges paragraphs 1 through 120 of its Answer to the Third Amended Complaint as if more fully set forth herein.

122.    Upon information and belief QW Express knew or should have known that plaintiff's shipment contained silver jewelry and not the stated commodity "Exhibit Materials." QW Express failed to reveal the true nature of the shipment to its agent, Fast Fleet, thereby causing Fast Fleet's insurance coverage to be nullified with regard to this shipment.

123.    At no time has QW Express filed any claim against Fast Fleet in connection with plaintiff's shipment. Under the Carmack Amendment, and Fast Fleet's tariff terms and agreements with QW Express, Fast Fleet's liability in limited to $.50 per

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/3917gs                    20

pound or $50.00 for any loss or damage to a QW Express shipment while in the care custody and control of Fast Fleet.

**WHEREFORE**, Defendant Fast Fleet prays that for judgment against defendant, QW Express declaring Fast Fleet not liable for any part of plaintiff's claims, either directly or indirectly; declaring that Fast Fleet has no liability to QW Express for any loss or damage to plaintiff's shipment; and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages on the Second Count of the Cross-Claim.

**AS AND FOR CROSSCLAIMS AGAINST NICA,**

**JIRARI CORP. AND HICHAM JIRARI**

124.    Fast Fleet repeats and realleges paragraphs 1 through 123 of its Answer to the Third Amended Complaint as if more fully set forth herein.

125.    Upon information and belief, defendant, Station Operator Systems, Inc. ("SOS") entered into an agreement dated June 1, 2002 with NICA pursuant to which NICA would provide to SOS individuals and/or independent contractors as drivers for SOS.

126.    Upon information and belief, NICA provided to SOS Jirari Corp. and/or Jirari for messenger/delivery and other contracted services and related activities as driver to SOS pursuant to Jirari Corp. and/or Jirari's agreement with NICA dated August 16, 2005.

127.    Jirari Corp. and/or Jirari, through NICA actually provided the services (on behalf of SOS and Fast Fleet) rendered to Q.W. Express in connection with Silvex's

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

shipment. At no time was the shipment in the care, custody or control of Fast Fleet, except through SOS's contractors Jirari Corp., Jirari and/or NICA.

128.    In the event that Silvex is successful in proving all or any part of its claims against Fast Fleet, Fast Fleet seeks indemnification and/or contribution from and judgment against Jirari Corp., Jirari individually and NICA, jointly and severally, as the alleged damages sought by plaintiff in the Complaint were all a direct and proximate result of the fault of Jirari Corp., Jirari and NICA, and were not attributable to the negligence or misconduct of Fast Fleet. Accordingly, Fast Fleet is entitled to indemnification from Jirari Corp., Jirari and NICA for any amount of any judgment rendered in favor of plaintiff and for the costs of its defense herein.

129.    Any damages allegedly sustained by Silvex were proximately caused by the acts and omissions of Jirari Corp., Jirari and NICA and each of them, and not by any active or passive fault on the part of Fast Fleet.

**WHEREFORE**, Defendant/Third-Party Plaintiff prays for judgment against Third-Party Defendants, Jirari Corp., Jirari and NICA, jointly and severally, compelling them to defend, indemnify and hold Fast Fleet harmless from plaintiff's claims in this action; and in the event of any judgment granted plaintiff against Fast Fleet, judgment over against Jirari Corp., Jirari and NICA, jointly and severally, in the same amount as any judgment so granted plaintiff and indemnifying Fast Fleet, and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages against these third-party defendants.

LAW OFFICE OF
*HEDINGER*
*&*
*LAWLESS*

4156/3917gs                    22

## AS AND FOR A THIRD-PARTY COMPLAINT AGAINST

## ONE BEACON INSURANCE COMPANY

130.    Fast Fleet repeats and realleges paragraphs 1 through 129 of its Answer as if more fully set forth herein.

131.    At all relevant times, defendant One Beacon Insurance Company provided Fast Fleet with a motor cargo liability policy covering Fast Fleet and its agents, Station Operation Systems and RCT Xpress, for loss or damage to customers' freight shipments in their care custody and control.

132.    One Beacon has failed and refused to honor its commitment to indemnify or defend Fast Fleet in connection with plaintiff's shipment in this litigation and another shipment handled by RCT Xpress in the San Francisco area (where there is other litigation pending).

133.    The contract of insurance requires One Beacon to pay for the claimed losses; or at its option, provide a legal defense. One Beacon interprets its contract to read that it may do either, but has done neither. In this case One Beacon further claims that plaintiff's intentional misidentification of the freight commodity being shipped, voids Fast Fleet's coverage although Fast Fleet had no way of knowing the true commodity being shipped.

134.    As a result of One Beacon's bad faith denial of coverage and breach of insurance contract, Fast Fleet and RCT Xpress have incurred substantial costs for legal defense of these two lawsuits.

**WHEREFORE**, Defendant Fast Fleet prays for judgment against Third-Party Defendant, One Beacon Insurance Company compelling One Beacon Insurance

*LAW OFFICE OF*
*HEDINGER*
*&*
*LAWLESS*

4156/3917gs                      23

Company to defend, indemnify and hold Fast Fleet harmless from plaintiff's claims in

this action and the pending California action; and awarding costs, attorneys' fees and

such other and further relief as this Court deems just and proper, including compensatory,

punitive and other damages on the First Count of the Third-Party Complaint.

Dated:  New York, New York            **HEDINGER & LAWLESS**
       January 3, 2008               Attorneys for Defendant,
                                      Fast Fleet Systems, Inc.

By:

Anthony J. Belkowski AB2676
110 Wall Street, 11th Floor
New York, New York 10005-3817
Tel:  (212) 759-8203
Fax:  (212) 751-2984
Email:  abelkowski@hedlaw.com

*LAW OFFICE OF*
*HEDINGER*
*&*
*LAWLESS*

4156/3917gs                     24