Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York  10006
Telephone:   212-669-0600
Facsimile:    212-669-0699

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SILVEX DESIGNS, INC.,

      Plaintiff,

  -against-

FAST FLEET SYSTEMS, INC., and
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS,

      Defendants,

  -against-

ONE BEACON INSURANCE COMPANY,
STATION OPERATOR SYSTEMS, INC.,
INTEGRITY TRANSPORT, INC.,
EDWARD EGAN, individually,
HICHAM JIRARI, individually,
JIRARI CORP., and
NICA, INC.,

      Third-Party Defendants.
-------------------------------------------------------X

07-cv-03740-DC-DFE

**DEFENDANT QUEBECOR
WORLD LOGISTICS, INC.,
d/b/a/ Q.W. EXPRESS'
ANSWER TO PLAINTIFF'S
<u>THIRD AMENDED COMPLAINT</u>**

      Defendant Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and through its attorneys Hill Rivkins & Hayden LLP, as and for its Answer to the Third Amended Complaint of Plaintiff Silvex Designs, Inc. ("Silvex") hereby responds as follows:

## **PARTIES, JURISDICTION AND VENUE**

1. Defendant QWE denies the allegations set forth in paragraph 1 of the Third Amended Complaint.

2. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Amended Complaint.

3. Defendant QWE admits that it is a corporation organized and existing by virtue of the laws of Delaware, with an office and place of business located at 1130 West Thorndale, Bensenville, Illinois. Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 3 of the Third Amended Complaint.

4. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third Amended Complaint.

5. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Amended Complaint.

6. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third Amended Complaint.

7. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Amended Complaint.

8. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Amended Complaint.

9. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Amended Complaint.

10. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third Amended Complaint.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third Amended Complaint.

12.     Defendant QWE admits that on or about August 29, 2006, Plaintiff Silvex retained Defendant QWE to arrange for the transportation of a consignment said to contain exhibit materials from New York to Tucson, Arizona. Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 12 of Third Amended Complaint.

13.     Defendant QWE admits that on or about August 29, 2006, QWE retained Defendant Fast Fleet Systems, Inc., to transport a consignment said to contain exhibit materials from plaintiff's place of business in New York, to Newark Liberty International Airport. Except as otherwise specifically admitted, Defendant QWE denies the remaining allegations set forth in paragraph 13 of the Third Amended Complaint.

14.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third Amended Complaint.

15.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third Amended Complaint.

16.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Amended Complaint.

17.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Amended Complaint.

18.     Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Amended Complaint.

19. Defendant QWE denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Amended Complaint.

20. Defendant QWE denies the allegations set forth in paragraph 20 of the Third Amended Complaint.

21. Defendant QWE denies the allegations set forth in paragraph 21 of the Third Amended Complaint.

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a/ Q.W. EXPRESS

22. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 21 of the Third Amended Complaint as if set forth herein at length.

23. Defendant QWE denies the allegations set forth in paragraph 23 of the Third Amended Complaint.

24. Defendant QWE denies the allegations set forth in paragraph 24 of the Third Amended Complaint.

25. Defendant QWE denies the allegations set forth in paragraph 25 of the Third Amended Complaint.

26. Defendant QWE denies the allegations set forth in paragraph 26 of the Third Amended Complaint.

27. Defendant QWE denies the allegations set forth in paragraph 27 of the Third Amended Complaint.

28. Defendant QWE denies the allegations set forth in paragraph 28 of the Third Amended Complaint.

29. Defendant QWE denies the allegations set forth in paragraph 29 of the Third Amended Complaint.

## COUNT II

## FAST FLEET SYSTEMS, INC.

30. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 29 of the Third Amended Complaint as if set forth herein at length.

31. Defendant QWE denies the allegations set forth in paragraph 31 of the Third Amended Complaint.

32. Defendant QWE denies the allegations set forth in paragraph 32 of the Third Amended Complaint.

33. Defendant QWE denies the allegations set forth in paragraph 33 of the Third Amended Complaint.

34. Defendant QWE denies the allegations set forth in paragraph 34 of the Third Amended Complaint.

35. Defendant QWE denies the allegations set forth in paragraph 35 of the Third Amended Complaint.

36. Defendant QWE denies the allegations set forth in paragraph 36 of the Third Amended Complaint.

37. Defendant QWE denies the allegations set forth in paragraph 37 of the Third Amended Complaint.

## COUNT III

## STATION OPERATOR SYSTEMS, INC.

38. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 37 of the Third Amended Complaint as if set forth herein at length.

39. Defendant QWE denies the allegations set forth in paragraph 39 of the Third Amended Complaint.

40. Defendant QWE denies the allegations set forth in paragraph 40 of the Third Amended Complaint.

41. Defendant QWE denies the allegations set forth in paragraph 41 of the Third Amended Complaint.

42. Defendant QWE denies the allegations set forth in paragraph 42 of the Third Amended Complaint.

43. Defendant QWE denies the allegations set forth in paragraph 43 of the Third Amended Complaint.

44. Defendant QWE denies the allegations set forth in paragraph 44 of the Third Amended Complaint.

45. Defendant QWE denies the allegations set forth in paragraph 45 of the Third Amended Complaint.

## COUNT IV

## INTEGRITY TRANSPORT, INC.

46. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 45 of the Third Amended Complaint as if set forth herein at length.

47. Defendant QWE denies the allegations set forth in paragraph 47 of the Third Amended Complaint.

48. Defendant QWE denies the allegations set forth in paragraph 48 of the Third Amended Complaint.

49. Defendant QWE denies the allegations set forth in paragraph 49 of the Third Amended Complaint.

50. Defendant QWE denies the allegations set forth in paragraph 50 of the Third Amended Complaint.

51. Defendant QWE denies the allegations set forth in paragraph 51 of the Third Amended Complaint.

52. Defendant QWE denies the allegations set forth in paragraph 52 of the Third Amended Complaint.

53. Defendant QWE denies the allegations set forth in paragraph 53 of the Third Amended Complaint.

## COUNT V

## EDWARD EGAN

54. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 53 of the Third Amended Complaint as if set forth herein at length.

55. Defendant QWE denies the allegations set forth in paragraph 55 of the Third Amended Complaint.

56. Defendant QWE denies the allegations set forth in paragraph 56 of the Third Amended Complaint.

57. Defendant QWE denies the allegations set forth in paragraph 57 of the Third Amended Complaint.

58. Defendant QWE denies the allegations set forth in paragraph 58 of the Third Amended Complaint.

59. Defendant QWE denies the allegations set forth in paragraph 59 of the Third Amended Complaint.

60. Defendant QWE denies the allegations set forth in paragraph 60 of the Third Amended Complaint.

61. Defendant QWE denies the allegations set forth in paragraph 61 of the Third Amended Complaint.

## COUNT VI

## NICA, INC.

62. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 61 of the Third Amended Complaint as if set forth herein at length.

63. Defendant QWE denies the allegations set forth in paragraph 63 of the Third Amended Complaint.

64. Defendant QWE denies the allegations set forth in paragraph 64 of the Third Amended Complaint.

65. Defendant QWE denies the allegations set forth in paragraph 65 of the Third Amended Complaint.

66. Defendant QWE denies the allegations set forth in paragraph 66 of the Third Amended Complaint.

67. Defendant QWE denies the allegations set forth in paragraph 67 of the Third Amended Complaint.

68. Defendant QWE denies the allegations set forth in paragraph 68 of the Third Amended Complaint.

69. Defendant QWE denies the allegations set forth in paragraph 69 of the Third Amended Complaint.

70. Defendant QWE denies the allegations set forth in paragraph 70 of the Third Amended Complaint.

## COUNT VII

## JIRARI CORP.

71.	Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 70 of the Third Amended Complaint as if set forth herein at length.

72.	Defendant QWE denies the allegations set forth in paragraph 72 of the Third Amended Complaint.

73.	Defendant QWE denies the allegations set forth in paragraph 73 of the Third Amended Complaint.

74.	Defendant QWE denies the allegations set forth in paragraph 74 of the Third Amended Complaint.

75.	Defendant QWE denies the allegations set forth in paragraph 75 of the Third Amended Complaint.

76.	Defendant QWE denies the allegations set forth in paragraph 76 of the Third Amended Complaint.

77.	Defendant QWE denies the allegations set forth in paragraph 77 of the Third Amended Complaint.

78.	Defendant QWE denies the allegations set forth in paragraph 78 of the Third Amended Complaint.

79.	Defendant QWE denies the allegations set forth in paragraph 79 of the Third Amended Complaint.

## COUNT VIII

## JIRARI CORP.

80. Defendant QWE repeats and re-alleges each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 79 of the Third Amended Complaint as if set forth herein at length.

81. Defendant QWE denies the allegations set forth in paragraph 81 of the Third Amended Complaint.

82. Defendant QWE denies the allegations set forth in paragraph 82 of the Third Amended Complaint.

83. Defendant QWE denies the allegations set forth in paragraph 83 of the Third Amended Complaint.

84. Defendant QWE denies the allegations set forth in paragraph 84 of the Third Amended Complaint.

85. Defendant QWE denies the allegations set forth in paragraph 85 of the Third Amended Complaint.

86. Defendant QWE denies the allegations set forth in paragraph 86 of the Third Amended Complaint.

87. Defendant QWE denies the allegations set forth in paragraph 87 of the Third Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

88. Plaintiff fails to state a claim, in whole or part, upon which relief can be granted against Defendant QWE.

## SECOND AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred by the applicable statue of limitations and/or the doctrine of laches and the Third Amended Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

90. Plaintiff is not the real party in interest and/or the proper party to assert the claim.

## FOURTH AFFIRMATIVE DEFENSE

91. The Plaintiff has failed to mitigate its alleged loss.

## FIFTH AFFIRMATIVE DEFENSE

92. The shipment described in plaintiff's Third Amended Complaint is subject to all the terms, conditions, and exceptions contained in certain bills of lading and/or air waybills then and there issued, by which the shippers and consignees of said bills of lading and/or air waybills agreed to be and are bound.

## SIXTH AFFIRMATIVE DEFENSE

93. Plaintiff has failed to aver facts necessary to establish that Defendant QWE breached a duty that resulted in plaintiff sustaining damages.

## SEVENTH AFFIRMATIVE DEFENSE

94.     To the extent that the Plaintiff suffered any loss or damage as alleged in the Third Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody, or control of Defendant QWE.

## EIGHTH AFFIRMATIVE DEFENSE

95.     Any loss or damage to the shipment as alleged in the Third Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendant QWE.

## NINTH AFFIRMATIVE DEFENSE

96.     Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant QWE has and had no control and for whose conduct Defendant QWE has and had no responsibility.

## TENTH AFFIRMATIVE DEFENSE

97.     If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Third Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by the Plaintiff or others acting on Plaintiff's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

98. The plaintiff has failed to join one or more indispensable parties to the suit.

## TWELFTH AFFIRMATIVE DEFENSE

99. The damages alleged in the Third Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity.

## THIRTEENTH AFFIRMATIVE DEFENSE

100. Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; the plaintiff's lawsuit is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

101. The amount of Defendant QWE's liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## FIFTEENTH AFFIRMATIVE DEFENSE

102. To the extent applicable, plaintiff's state law claims, as found in the Third Amended Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

103.  To the extent plaintiff's damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether Defendant QWE had knowledge that such damages might be incurred, Defendant QWE is not liable, in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

104.  The jurisdiction and venue where the plaintiff commenced this suit is invalid; the relevant terms and conditions governing this transportation agreement state that the only jurisdiction and venue where this action can be commenced and advanced is in Illinois.

## EIGHTEENTH AFFIRMATIVE DEFENSE

105.  Plaintiff's cargo was not permitted for shipment, as stated by the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiff's lawsuit is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

106.  Defendant QWE was not properly served with the plaintiff's Summons, Complaint, and/or Third Amended Complaint; this Court has no personal jurisdiction over Defendant QWE.

## TWENTIETH AFFIRMATIVE DEFENSE

107.  Defendant QWE reserves its rights to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

**W H E R E F O R E**, Defendant QWE prays that Plaintiff's Third Amended Complaint be dismissed and that Defendant QWE be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
         January 3, 2007

Hill Rivkins & Hayden LLP
Attorneys for Defendant
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS

By: *Andrew R. Brown*
Andrew R. Brown (AB-1644)
Anthony J. Pruzinsky (AP-8534)

45 Broadway – Suite 1500
New York, New York  10006
Telephone:    212-669-0600
Facsimile:     212-669-0699