Anthony J. Pruzinsky (AP-8534)
Andrew R. Brown (AB-1644)
HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York 10006
Telephone:   212-669-0600
Facsimile:   212-669-0699

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SILVEX DESIGNS, INC.,

       Plaintiff,

   -against-

FAST FLEET SYSTEMS, INC., and
QUEBECOR WORLD LOGISTICS, INC.,
d/b/a Q.W. EXPRESS,

       Defendants,

   -against-

ONE BEACON INSURANCE COMPANY,
STATION OPERATOR SYSTEMS, INC.,
INTEGRITY TRANSPORT, INC.,
EDWARD EGAN, individually,
HICHAM JIRARI, individually,
JIRARI CORP., and
NICA, INC.,

       Third-Party Defendants.
-----------------------------------------------------------X

07-cv-03740-DC-DFE

**DEFENDANT QUEBECOR
WORLD LOGISTICS, INC.,
d/b/a/ Q.W. EXPRESS'
ANSWER WITH CROSS-CLAIMS
TO DEFENDANT FAST FLEET
SYSTEMS, INC.'S CROSS-CLAIMS**

       Defendant Q.W. Express, a division of Quebecor World Logistics, Inc. ("QWE"), by and through its attorneys Hill Rivkins & Hayden LLP, as and for its Answer with Cross-Claims to the Cross-Claims of Defendant Fast Fleet Systems, Inc. ("FAST"), hereby responds and alleges as follows:

## FIRST COUNT INDEMNIFICATION

1. Defendant QWE denies the allegations set forth in paragraph 118 of Defendant Fast's Cross-Claim.

2. Defendant QWE denies the allegations set forth in paragraph 119 of Defendant Fast's Cross-Claim.

3. Defendant QWE denies the allegations set forth in paragraph 120 of Defendant Fast's Cross-Claim.

## SECOND COUNT DECLARATORY JUDGMENT

4. Defendant QWE denies the allegations set forth in paragraph 121 of Defendant Fast's Cross-Claim.

5. Defendant QWE denies the allegations set forth in paragraph 122 of Defendant Fast's Cross-Claim.

6. Defendant QWE denies the allegations set forth in paragraph 123 of Defendant Fast's Cross-Claim.

## FIRST AFFIRMATIVE DEFENSE

7. Defendant Fast fails to state a claim, in whole or part, upon which relief can be granted against Defendant QWE.

## SECOND AFFIRMATIVE DEFENSE

8. Defendant Fast's claims are barred by the applicable statue of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

9. Defendant Fast has failed to mitigate its potential liability.

## FOURTH AFFIRMATIVE DEFENSE

10. Any damages that will allegedly be sustained by Defendant Fast are the result of acts, errors, omissions, or breaches by other third parties, persons or entities over which Defendant QWE has and had no control and for whose conduct Defendant QWE has and had no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

11. If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Plaintiff's Third Amended Complaint, which is denied, such shortage, and/or damage, and/or loss was caused by or contributed to by Defendant Fast or others acting on Defendant Fast's behalf.

## SIXTH AFFIRMATIVE DEFENSE

12. Defendant QWE reserves its rights to amend its answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

**W H E R E F O R E**, Defendant QWE prays that Defendant Fast's Cross-Claims be dismissed, and that Defendant QWE be awarded costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

# CROSS-CLAIM AGAINST DEFENDANT FAST FLEET SYSTEMS, INC.

## INDEMNITY AND CONTRIBUTION

13. Defendant QWE repeats and re-alleges each and every admission, denial, denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations, and affirmative defense set forth in paragraphs 1 through 12 as if set forth herein at length.

14. On or about August 29, 2006, Defendant QWE contracted with Defendant Fast to carry the subject shipment. Soon thereafter, Defendant Fast and/or its agents picked up the subject shipment from the Plaintiff's place of business and undertook to safely transport said shipment to Newark International Airport.

15. Plaintiff has alleged that the subject shipment sustained a loss en route, an allegation which Defendant QWE has denied.

16. However, to the extent Plaintiff has suffered a loss, which is denied, and is entitled to recover damages from Defendant QWE arising out of the subject shipment, Defendant QWE is entitled to full indemnity and/or full contribution from Co-Defendant Fast for such sums, if any are recovered, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Defendant QWE in defending against Plaintiff's action and/or recovering-over against Defendant Fast.

**W H E R E F O R E**, Defendant QWE prays for a judgment:

1. Dismissing the Cross-Claims of Defendant Fast with prejudice and awarding costs, including attorneys' fees associated with defending the Cross-Claim;

4

2. Giving judgment to Defendant QWE against Co-Defendant Fast on the Cross Claim together with costs, expenses, interest, attorneys' fees; and,

3. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 4, 2008

                        Hill Rivkins & Hayden LLP
                        Attorneys for Defendant
                        QUEBECOR WORLD LOGISTICS, INC.,
                        d/b/a Q.W. EXPRESS

By: _/s/ Andrew R. Brown_
       Andrew R. Brown (AB-1644)
       Anthony J. Pruzinsky (AP-8534)

       45 Broadway – Suite 1500
       New York, New York 10006
       Telephone: 212-669-0600
       Facsimile: 212-669-0699