Anthony J. Belkowski AB2676
**HEDINGER & LAWLESS**
110 Wall Street, 11th Floor
New York, New York 10005-3817
Tel: (212) 759-8203
Fax: (212) 751-2984

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SILVEX DESIGNS, INC,** | : |
| Plaintiff, | : |
| -against- | :   Case No. 07-cv-03740-DC-DFE |
| **FAST FLEET SYSTEMS, INC.,** | : |
| **QUEBECOR WORLD LOGISTICS, INC.,** | : |
| **d/b/a Q.W. EXPRESS, STATION** | :   **ANSWER TO PLAINTIFF'S THIRD** |
| **OPERATOR SYSTEMS, INC., INTEGRITY** | :   **AMENDED COMPLAINT,** |
| **TRANSPORT, INC., EDWARD EGAN,** | :   **COUNTERCLAIM AND CROSS-** |
| **individually, NICA, INC., JIRARI CORP.,** | :   **CLAIMS OF DEFENDANTS,** |
| **and HICHAM JIRARI, individually,** | :   **STATION OPERATOR SYSTEMS,** |
| | :   **INC., EDWARD EGAN AND** |
| Defendants, | :   **INTEGRITY TRANSPORT, INC.** |
| | : |

Defendants, Station Operator Systems, Inc. ("SOS"), Edward Egan ("Egan") and

Integrity Transport, Inc. ("Integrity"), by and through their attorneys Hedinger &

Lawless, as and for its Answer to the Third Amended Complaint of plaintiff, Silvex

Designs, Inc. ("Silvex"), with Counterclaim, Cross-Claim and Third-Party Complaint,

hereby responds as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Answering defendants deny the allegations set forth in paragraph 1 of the

Third Amended Complaint.

2.      Answering defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 2 of the Third Amended Complaint.

*LAW OFFICE OF*
*HEDINGER*
*&*
*LAWLESS*

3.      Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Third Amended Complaint.

4.      Answering defendants admit upon information and belief the allegations of paragraph 4 of the Third Amended Complaint.

5.      Answering defendants admit the allegations set forth in paragraph 5 of the Third Amended Complaint.

6.      Answering defendants admit the allegations set forth in paragraph 6 of the Third Amended Complaint.

7.      Answering defendants admit the allegations set forth in paragraph 7 of the Third Amended Complaint.

8.      Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Amended Complaint.

9.      Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Amended Complaint.

10.      Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third Amended Complaint.

## GENERAL ALLEGATIONS COMMMON TO ALL COUNTS

11.      Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Third Amended Complaint.

4156/4397gs                           2

LAW OFFICE OF
HEDINGER
&
LAWLESS

12.     Answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third Amended Complaint.

13.     Answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third Amended Complaint.

14.     Plaintiff Silvex is pleading the terms of a written agreement which speaks for itself and, except as expressly set forth therein, the allegations set forth in paragraph 14 of the Third Amended Complaint are denied.

15.     Answering defendants admit the allegations set forth in paragraph 15 of the Third Amended Complaint.

16.     Plaintiff Silvex is pleading the terms of a written agreement which speaks for itself and, except as expressly set forth therein, the allegations set forth in paragraph 16 of the Third Amended Complaint are denied.

17.     Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Amended Complaint.

18.     Answering defendants deny the allegations set forth in paragraph 18 of the Third Amended Complaint insofar as they are pleaded against them.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 18 of the Third Amended Complaint.

19.     Answering defendants admit the allegations set forth in paragraph 19 of the Third Amended Complaint.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                              3

20.     Answering defendants deny the allegations set forth in paragraph 20 of the Third Amended Complaint.

21.     Answering defendants deny the allegations set forth in paragraph 21 of the Third Amended Complaint.

## COUNT I

## QUEBECOR WORLD LOGISTICS, INC. d/b/a Q.W. EXPRESS

22.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 21 of the Third Amended Complaint as if set forth herein at length.

23.     Answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Third Amended Complaint.

24.     Answering defendants deny the allegations set forth in paragraph 24 of the Third Amended Complaint.

25.     Answering defendants deny the allegations set forth in paragraph 25 of the Third Amended Complaint.

26.     Answering defendants deny the allegations set forth in paragraph 26 of the Third Amended Complaint.

27.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

28.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                                        4

29.    Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

## COUNT II

### FAST FLEET SYSTEMS, INC.

30.    Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 29 of the Third Amended Complaint as if set forth herein at length.

31.    Answering defendants deny the allegations set forth in paragraph 31 of the Third Amended Complaint.

32.    Answering defendants deny the allegations set forth in paragraph 32 of the Third Amended Complaint.

33.    Answering defendants deny the allegations set forth in paragraph 33 of the Third Amended Complaint.

34.    Answering defendants deny the allegations set forth in paragraph 34 of the Third Amended Complaint.

35.    Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

36.    Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

37.    Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                    5

## COUNT III

### STATION OPERATOR SYSTEMS, INC.

38.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 37 of the Third Amended Complaint as if set forth herein at length.

39.     Answering defendants deny the allegations set forth in paragraph 39 of the Third Amended Complaint.

40.     Answering defendants deny the allegations set forth in paragraph 40 of the Third Amended Complaint.

41.     Answering defendants deny the allegations set forth in paragraph 41 of the Third Amended Complaint.

42.     Answering defendants deny the allegations set forth in paragraph 42 of the Third Amended Complaint.

43.     Answering defendants deny the allegations set forth in paragraph 43 of the Third Amended Complaint.

44.     Answering defendants deny the allegations set forth in paragraph 44 of the Third Amended Complaint.

45.     Answering defendants deny the allegations set forth in paragraph 45 of the Third Amended Complaint.

LAW OFFICE OF
HEDINGER
&
LAWLESS

## COUNT IV

## INTEGRITY TRANSPORT, INC.

46.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 45 of the Third Amended Complaint as if set forth herein at length.

47.     Answering defendants deny the allegations set forth in paragraph 47 of the Third Amended Complaint.

48.     Answering defendants deny the allegations set forth in paragraph 48 of the Third Amended Complaint.

49.     Answering defendants deny the allegations set forth in paragraph 49 of the Third Amended Complaint.

50.     Answering defendants deny the allegations set forth in paragraph 50 of the Third Amended Complaint.

51.     Answering defendants deny the allegations set forth in paragraph 51 of the Third Amended Complaint.

52.     Answering defendants deny the allegations set forth in paragraph 52 of the Third Amended Complaint.

53.     Answering defendants deny the allegations set forth in paragraph 53 of the Third Amended Complaint.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                    7

## COUNT V

### EDWARD EGAN

54.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 53 of the Third Amended Complaint as if set forth herein at length.

55.     Answering defendants deny the allegations set forth in paragraph 55 of the Third Amended Complaint.

56.     Answering defendants deny the allegations set forth in paragraph 56 of the Third Amended Complaint.

57.     Answering defendants deny the allegations set forth in paragraph 57 of the Third Amended Complaint.

58.     Answering defendants deny the allegations set forth in paragraph 58 of the Third Amended Complaint.

59.     Answering defendants deny the allegations set forth in paragraph 59 of the Third Amended Complaint.

60.     Answering defendants deny the allegations set forth in paragraph 60 of the Third Amended Complaint.

61.     Answering defendants deny the allegations set forth in paragraph 61 of the Third Amended Complaint.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                    8

## COUNT VI

### NICA, INC.

62.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 61 of the Third Amended Complaint as if set forth herein at length.

63.     Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Third Amended Complaint.

64.     Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third Amended Complaint.

65.     Answering defendants deny the allegations set forth in paragraph 65 of the Third Amended Complaint.

66.     Answering defendants deny the allegations set forth in paragraph 66 of the Third Amended Complaint.

67.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, answering defendants make no response to same.

68.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendant Fast Fleet makes no response to same.

69.     Plaintiff is not seeking any relief in this paragraph against defendant Fast Fleet and, therefore, answering defendants make no response to same.

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

4156/4397gs                                        9

70.     As plaintiff is pleading a legal conclusion and not facts, answering defendants make no response to same.

## COUNT VII

## JIRARI CORP.

71.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 70 of the Third Amended Complaint as if set forth herein at length.

72.     Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Third Amended Complaint.

73.     Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Third Amended Complaint.

74.     Answering defendants deny the allegations set forth in paragraph 74 of the Third Amended Complaint.

75.     Answering defendants deny the allegations set forth in paragraph 75 of the Third Amended Complaint.

76.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

77.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

78.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

79.     As plaintiff is pleading a legal conclusion and not facts, answering defendants make no response to same.

## COUNT VIII

## HACHIM JIRARI

80.     Answering defendants repeat and re-allege each and every admission, denial, and denial based upon lack of sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraphs 1 through 79 of the Third Amended Complaint as if set forth herein at length.

81.     Answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Third Amended Complaint.

82.     Answering defendants deny the allegations set forth in paragraph 82 of the Third Amended Complaint.

83.     Answering defendants deny the allegations set forth in paragraph 83 of the Third Amended Complaint.

84.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

85.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

86.     Plaintiff is not seeking any relief in this paragraph against answering defendants and, therefore, defendants make no response to same.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                              11

87.     As plaintiff is pleading a legal conclusion and not facts, answering

defendants make no response to same.

## FIRST AFFIRMATIVE DEFENSE

88.     Plaintiff fails to state a claim, in whole or part, upon which relief can be

granted against answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

89.     Plaintiffs claims are barred by the applicable statute of limitations and/or

the doctrine of laches and the "unclean hands" doctrine and the Third Amended

Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

90.     Plaintiff is not the real party in interest and/or the proper party to assert the

claim.

## FOURTH AFFIRMATIVE DEFENSE

91.     The plaintiff has failed to mitigate its alleged loss.

## FIFTH AFFIRMATIVE DEFENSE

92.     The shipment described in plaintiff's Third Amended Complaint is subject

to all the terms, conditions and exceptions contained in certain bills of lading and/or air

waybills then and there issued, by which the shippers and consignees of said bills of

lading and/or air waybills agreed to be and are bound.

## SIXTH AFFIRMATIVE DEFENSE

93.     Plaintiff has failed to aver facts necessary to establish that Defendants

breached a duty that resulted in plaintiff sustaining damages.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                            12

### SEVENTH AFFIRMATIVE DEFENSE

94.　　To the extent that the plaintiff suffered any loss or damage as alleged in the Third Amended Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody, or control of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

95.　　Any loss or damage to the shipment as alleged in the Third Amended Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendants.

### NINTH AFFIRMATIVE DEFENSE

96.　　Any damages allegedly sustained by plaintiff are the result of acts, errors, omissions or breaches by other third parties, persons or entities over which Defendants have and had no control and for whose conduct Defendants are not responsible.

### TENTH AFFIRMATIVE DEFENSE

97.　　If any shortage and/or damage and/or loss sustained by the shipment referred to in the Third Amended Complaint, which is denied, such storage, and/or damage, and/or loss was caused by or contributed to by the plaintiff or others acting on plaintiff's behalf.

### ELEVENTH AFFIRMATIVE DEFENSE

98.　　The plaintiff has failed to join one or more indispensable parties to the suit.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                              13

## TWELFTH AFFIRMATIVE DEFENSE

99.    The damages alleged in the Third Amended Complaint are grossly inflated and plaintiff's calculation of the claimed amount is contrary to law both as to type and quantity.

## THIRTEENTH AFFIRMATIVE DEFENSE

100.    Plaintiff failed to give written notice of loss or damage as and when required pursuant to the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties, and/or classifications in effect, the plaintiffs lawsuit is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

101.    The amount of answering Defendants' liability, if any, is limited in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

## FIFTEENTH AFFIRMATIVE DEFENSE

102.    To the extent applicable, plaintiff's state law claims, as found in the Third Amended Complaint, are preempted by the Carmack Amendment to the Interstate Commerce Act, which said act provides certain duties and obligations applicable to plaintiff which plaintiff has failed to observe or comply with prior to instituting this action.

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

4156/4397gs                      14

### SIXTEENTH AFFIRMATIVE DEFENSE

103.    To the extent plaintiff's damages include any special, incidental, or consequential damages, including but not limited to loss of profits, income, interest, or utility, or loss of market, resulting from the transportation of this shipment, regardless of whether answering Defendants had knowledge that such damages might be incurred, answering Defendants are not liable, in accordance with the standard terms and conditions of the applicable air waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect.

### SEVENTEENTH AFFIRMATIVE DEFENSE

104.    The jurisdiction and venue where the plaintiff commenced this suit is invalid; the relevant terms and conditions governing this transportation agreement state that the only jurisdiction and venue where this action can be commenced and advanced is in New Jersey.

### EIGHTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiff's cargo was not permitted for shipment, as stated by the standard terms and conditions of the applicable waybill(s), contract(s) of carriage or other contracts, bills of lading, tariffs, and/or applicable regulations, statutes or treaties, and/or classifications in effect; accordingly, the plaintiffs lawsuit is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

106.    Answering defendants were not properly provided with notice of claim as required by federal statutes as a condition precedent to bringing this action.

LAW OFFICE OF
*HEDINGER*
*&*
*LAWLESS*

4156/4397gs                    15

## TWENTIETH AFFIRMATIVE DEFENSE

107.    Answering Defendants reserve their right to amend their answer to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims and cross-claims as they may become necessary after reasonable opportunity for appropriate discovery.

## TWENTY FIRST AFFIRMATIVE DEFENSE

108.    To the extent plaintiff's claims are based upon contract, there was no privity of contract between Answering Defendants and plaintiff and any such claim is barred by the Statute of Frauds. The Fast Fleet tariff and terms and conditions of carriage with QW Express, expressly limited answering defendants' liability to $.50 per pound for any part of the shipment lost, stolen or damaged, unless QW Express made prior arrangements in writing to secure excess valuations coverage.

## AS AND FOR A FIRST COUNTERCLAIM

109.    Answering defendants repeat and reallege paragraphs 1 through 108 of their Answer to the Third Amended Complaint as if more fully set forth herein.

110.    Upon information and belief, on or about August 29, 2006 plaintiff did knowingly and fraudulently induce defendant QW Express to accept for shipment some 68 trunks wrongly identified as "Exhibit Material" for shipment to a trade show in Arizona.

111.    On or about the same date, QW Express dispatched Fast Fleet, as its local agent, to pickup said "Exhibit Material" from plaintiff and cause it to be forwarded on via an alternative air carrier to Arizona.

LAW OFFICE OF
HEDINGER
&
LAWLESS

4156/4397gs                        16

112.    If its allegations are true, plaintiff knew or should have known that the shipment in question consisted of approximately $1,500,000.00 in assorted silver jewelry, not merely "Exhibit Material." Plaintiff's counsel has admitted that the true nature of the goods shipped was intentionally misidentified.

113.    Plaintiff knew or should have known that virtually every transportation company and motor cargo insurance company will refuse to handle or insure shipments of jewelry. If such jewelry shipments are handled there is a substantial fee for declared value coverage. Upon information and belief, Fast Fleet's own cargo liability insurance was limited to $25,000.00 per shipment and would not have covered silver jewelry. Fast Fleet's tariff provides for an additional fee of $.50 per every $100.00 of declared value of any shipment it handles. If the plaintiff's shipment was a covered commodity (which it was not) Fast Fleet would have charged QW Express $7,500.00 declared value fee to handle such a shipment and obtained a special endorsement from its insurer prior to handling any such shipment. Plaintiff chose a declared value of $0, for goods it now claims were worth $1,500,000.00

114.    Plaintiff knew or should have known that if it declared the true value of its shipment, they would have been subject to substantial additional charges from QW Express. In order to avoid those excess value changes, plaintiff wrongfully and fraudulently claimed that it was shipping "Exhibit Material" with zero declared value rather than the true commodity of silver jewelry with a claimed value of approximately $1,500,000.00. As a result of this "shipper fraud," Fast fleet and Answering Defendants were wrongfully deprived of insurance coverage, wrongfully deprived of any opportunity

LAW OFFICE OF
HEDINGER
&
LAWLESS

to charge additional fees necessary to handle such high value shipments, and deprived of a legal defense to this action by its insurer.

## AS AND FOR A SECOND COUNTERCLAIM

115.    Answering Defendants repeat and reallege paragraphs 1 through 114 of their Answer to the Third Amended Complaint as if more fully set forth herein.

116.    Upon information and belief, plaintiff knows or should know that the claims against Answering Defendants are without legal or factual basis and are frivolous in nature and made in bad faith.

117.    Upon information and belief, plaintiff has brought this action fraudulently and/or solely to harass and intimidate Answering Defendants without legal justification or support.  As a result of plaintiff's wrongful action in bringing and maintaining this suit, Answering Defendants have suffered and incurred expenses and losses they would not otherwise have incurred.

**WHEREFORE**, Dnswering Defendants pray that plaintiff's Third Amended Complaint be dismissed and that defendant Fast Fleet be awarded costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and punitive damages on the First and Second Counterclaim.

## AS AND FOR A CROSS-CLAIM AGAINST QW EXPRESS

## FIRST COUNT INDEMNIFICATION

118.    Answering Defendants repeat and reallege paragraphs 1 through 117 of their Answer to the Third Amended Complaint as if more fully set forth herein.

119.    At all times, Answering Defendants acted as QW Express' agent in connection with the plaintiff's shipment.  The pickup and transfer of the shipment was

4156/4397gs                                        18

LAW OFFICE OF
HEDINGER
&
LAWLESS

performed on QW Express' paperwork, in their name, place and stead. QW Express relies upon agents to perform essential transportation services which taken as a whole constitute a single business enterprise. Answering Defendants performed all services at the direction and request of QW Express, without any negligence, nor causing any loss or damage to plaintiff's shipment, in a reasonable and professional manner.

120.    Upon information and belief, QW Express maintains a motor cargo insurance policy covering its employees, agents and contractors who all act in concert to form a single business enterprise. Answering Defendants are covered "insureds" in connection with plaintiff's shipment and entitled to the benefits of legal defense and indemnification provided by said insurance policy as a third-party beneficiary of such insurance coverage.

**WHEREFORE**, answering Defendants pray that for judgment against defendant, QW Express, compelling QW Express and/or its insurer to defend, indemnify and hold Answering Defendants harmless from plaintiff's claims in this action; and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages on the First Count of the Cross-Claim.

## SECOND COUNT DECLARATORY JUDGMENT

121.    Answering Defendants repeat and reallege paragraphs 1 through 120 of their Answer to the Third Amended Complaint as if more fully set forth herein.

122.    Upon information and belief QW Express knew or should have known that plaintiff's shipment contained silver jewelry and not the stated commodity "Exhibit Materials." QW Express failed to reveal the true nature of the shipment to its agent, Fast

4156/4397gs                                         19

Fleet, thereby causing Fast Fleet's insurance coverage to be nullified with regard to this shipment.

123.    At no time has QW Express filed any claim against Fast Fleet in connection with plaintiff's shipment. Under the Carmack Amendment, and Fast Fleet's tariff terms and agreements with QW Express, Fast Fleet's and Answering Defendants' liability is limited to $.50 per pound or $50.00 for any loss or damage to a QW Express shipment while in the care custody and control of Fast Fleet.

**WHEREFORE**, Answering Defendants pray that for judgment against defendant, QW Express declaring answering defendants not liable for any part of plaintiff's claims, either directly or indirectly; declaring that Answering Defendants have no liability to QW Express for any loss or damage to plaintiff's shipment; and awarding costs, attorneys' fees and such other and further relief as this Court deems just and proper, including compensatory and other damages on the Second Count of the Cross-Claim.

## AS AND FOR CROSSCLAIMS AGAINST NICA,

## JIRARI CORP. AND HICHAM JIRARI

LAW OFFICE OF
*HEDINGER*
*&*
*LAWLESS*

124.    Answering Defendants repeat and reallege paragraphs 1 through 123 of their Answer to the Third Amended Complaint as if more fully set forth herein.

125.    Defendant, Station Operator Systems, Inc. ("SOS") entered into an agreement dated June 1, 2002 with NICA pursuant to which NICA would provide to SOS individuals and/or independent contractors as drivers for SOS.

126.    NICA provided to SOS Jirari Corp. and/or Jirari for messenger/delivery and other contracted services and related activities as driver to SOS pursuant to Jirari Corp. and/or Jirari's agreement with NICA dated August 16, 2005.

127.    Jirari Corp. and/or Jirari, through NICA actually provided the services (on behalf of SOS and Fast Fleet) rendered to Q.W. Express in connection with Silvex's shipment. At no time was the shipment in the care, custody or control of defendants, except through SOS's contractors Jirari Corp., Jirari and/or NICA.

128.    In the event that Silvex is successful in proving all or any part of its claims against Answering Defendants, Answering Defendants seek indemnification and/or contribution from and judgment against Jirari Corp., Jirari individually and NICA, jointly and severally, as the alleged damages sought by plaintiff in the Complaint were all a direct and proximate result of the fault of Jirari Corp., Jirari and NICA, and were not attributable to the negligence or misconduct of Answering Defendants. Accordingly, Answering Defendants are entitled to indemnification from Jirari Corp., Jirari and NICA for any amount of any judgment rendered in favor of plaintiff and for the costs of its defense herein.

129.    Any damages allegedly sustained by Silvex were proximately caused by the acts and omissions of Jirari Corp., Jirari and NICA and each of them, and not by any active or passive fault on the part of Answering Defendants.

**WHEREFORE**, Answering Defendants pray for judgment against Defendants, Jirari Corp., Jirari and NICA, jointly and severally, compelling them to defend, indemnify and hold Answering Defendants harmless from plaintiff's claims in this action; and in the event of any judgment granted plaintiff against Answering Defendants,

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

4156/4397gs                                                                 21

judgment over against Jirari Corp., Jirari and NICA, jointly and severally, in the same

amount as any judgment so granted plaintiff and indemnifying Answering Defendants,

and awarding costs, attorneys' fees and such other and further relief as this Court deems

just and proper, including compensatory and other damages against defendants, Jirari

Corp., Jirari and NICA.

Dated: New York, New York    **HEDINGER & LAWLESS**
  March 28, 2008     Attorneys for Defendants, Fast Fleet
             Systems, Inc., Station Operator
             Systems, Edward Egan and Integrity
             Transport, Inc.

        By: _____

         Anthony J. Belkowski AB2676
         110 Wall Street, 11th Floor
         New York, New York 10005-3817
         Tel: (212) 759-8203
         Fax: (212) 751-2984
         Email: abelkowski@hedlaw.com

LAW OFFICE OF
*HEDINGER*
&
*LAWLESS*

4156/4397gs      22